BUTLER (U. S. v.). See Cases Nos. 14,697–14,702.

BUTLER (WATERS v.). See Case No. 17,263.

BUTLER (WHITMAN v.). See Case No. 17,579.

---

## Case No. 2,245.

### BUTLER v. YOUNG et al.

[1 Flip. 276;[1] 17 Int. Rev. Rec. 53; 7 West. Jur. 59; 6 Am. Law T. Rep. 53; 5 Chi. Leg. News, 146; 21 Pittsb. Leg. J. 171.]

Circuit Court, N. D. Ohio. Dec. Term, 1872.

PRACTICE ACT OF JUNE 1, 1872, CONSTRUED — EJECTMENT—EQUITABLE DEFENSE—DISTINCTION BETWEEN LAW AND EQUITY.

1. An equitable defense to an action of ejectment cannot be permitted in the United States circuit court. The party seeking to make it must file his bill in chancery.

[Cited in Snyder v. Pharo, 25 Fed. 400.]

2. "Practice" defined, and the practice act construed.

[Cited in Cady v. Phoenix Fire Ins. Co., Case No. 2,284; Lewis v. Gould. Id. 8,324; Harland v. United States Tel. Co., 40 Fed. 311.]

3. Neither congress nor the courts can do away with the distinction between law and equity, nor the forms used, nor the causes and reasons which distinguish one from the other.

[See Bennett v. Butterworth, 11 How. (52 U. S.) 669; McCollum v. Eager, 2 How. (43 U. S.) 61; Montejo v. Owen, Case No. 9,722; Parsons v. Denis, 7 Fed. 317; Thompson v. Central Ohio R. Co., 6 Wall. (73 U. S.) 134.]

[At law. Action of ejectment by Charles Butler against James Young and others. Plaintiff moves to strike off so much of defendants' cross petition as sets up a purely equitable defense and as prays equitable relief.]

C. W. & A. S. Hill and Osborn & Swayne, for plaintiff.
Bissell & Gorrill, for defendants.

SHERMAN, District Judge. This is an action at law, brought to recover possession of certain lots in the city of Toledo. It was brought since the enactment of the act of congress of June 1, 1872 [17 Stat. 197], providing for the adoption by the federal courts of the practice, pleadings, and forms of procedure, as prescribed by the laws of this state. The petition is in the form required by the Ohio

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

Code. The answer traverses and denies in proper form the allegations of the petition, and then proceeds by way of a cross-petition, to set up a purely equitable defense, and prays for equitable relief. This part of the answer the plaintiff moves to strike off.

Under the practice, as established by the Ohio Code, this would be a good answer, and the courts could proceed under it and determine the rights of the parties, both legal and equitable; but it is claimed by the plaintiff that the act of congress in question does not adopt the entire Code of Ohio. That act of congress is as follows: "That the practice, pleadings, and forms and modes of proceedings, in other than equity and admiralty causes, in the circuit and district courts of the United States, shall conform, as near as may be, to the practice, pleadings, and forms of proceedings existing in like causes in courts of record of the state in which said circuit and district courts are held."

It will thus be seen, that this law requires of this court to conform its practice, pleadings, and forms of proceedings to those of the state of Ohio; yet, it expressly excepts causes in equity and admiralty. This distinction between law and equity is recognized by the United States constitution. Hence, the exception is made in this statute as to causes in equity. Thus, in section 2, art. 3, of the constitution, it is declared, that "the judicial power of the United States shall extend to all cases in law and equity, arising under this constitution, the laws of the United States," etc. The acts of congress of 1789 and 1792, which are the organic laws of this court, broadly and clearly distinguish between remedies at law and in equity. The supreme court of the United States has had repeatedly the same question before it, arising in cases brought from states that had abolished the distinction between law and equity. The most noted case is that of Bennett v. Butterworth, 11 How. [52 U. S.] 669, and adopted and affirmed in the cases of Bacon v. Howard, 20 How. [61 U. S.] 22, and Fenn v. Holme, 21 How. [62 U. S.] 486. This case came up from Texas, where, by statute, the forms and rules of pleading have been abolished, and there is no distinction in its courts between cases at law and in equity. Chief Justice Taney says: "Whatever may be the laws of Texas in this respect, they do not govern the proceedings in the courts of the United States; and although the forms and practice in the state courts have been adopted in the circuit and district, yet the adoption of the state practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in one suit. The constitution of the United States in creating and defining the judicial power of the general government, establishes this distinction between law and equity, and a party who claims a legal title, must proceed at law, and may undoubtedly proceed according to the forms of practice in such cases in the state courts. But if the claim be an equitable one, he must proceed according to the rules prescribed, regulating proceedings in equity in the courts of the United States." These decisions of the supreme court, the provisions in the acts of congress, and the constitutional provision, I deem decisive of the question before me; even if the act of June 1, 1872, now under consideration, did not expressly except equity cases from its operation, it could not be recognized as valid. Because of the constitutional proviso, I hold that neither congress nor the courts can do away with the distinction between law and equity, nor the forms used, nor the causes and reasons which distinguish the one from the other. In the case before us the plaintiff claims a cause of action at law. The defendant set up a defense that is an equitable one, probably cognizable in a court of equity. He cannot set up such a defense in answer to an action at law. He must file his bill in chancery.

I might stop here, as the reasons above given are decisive of this motion; but it was claimed in the argument of this case, as it has been frequently in other similar cases of late, that as the plaintiff has brought these defendants into this court, and adopted the form of pleading used in the state courts as against them, they have the right in the defense to use the same mode of pleading allowed by the state practice, and that congress, in using the term "practice" in the act in question, intended the parties should use the same forms, and possess the same rights that they had in the state courts. In answer to this, it may be suggested that too wide and general meaning and definition is given to the word "practice." According to Bouvier, and adopted by Webster, it is "the form, manner, and order of conducting and carrying on suits and prosecutions, through their various stages, according to the principles and rules laid down by the courts." According to this definition, the word "practice" means, the rules adopted by every court to facilitate the transaction of the business before it in a proper and orderly manner. Sometimes these rules are printed, and called "rules of practice." Sometimes they are embodied in statutes—but perhaps as frequently they are unwritten, but well known and recognized by the bar and enforced by the court. By virtue of the law in question, and in this sense and meaning, this court will and has adopted the practice of the state courts of Ohio, but, in doing this, no construction will be given to this law that will in any manner change, alter, or add to the jurisdiction of the United States courts, nor deprive any suitor in those courts of any substantial right conferred upon him by any act of congress; nor will we hold that any positive statutory regulation of the practice in this court is, by implication, repealed or changed by this law. Care and caution will be used, that substantive rights given by the

state laws shall not be confounded with what is mere practice in the state courts. In this connection I may mention, among other matters, the right to bring an absent or non-resident defendant into court by publication, or the right to a second trial, which are not matters of mere practice, but are substantial rights conferred by the statute of the state, and, in my opinion, were not contemplated by congress by the law in question to be given to parties in this court.

By virtue of this law, the forms and distinctions between actions of law, and the forms of pleading, that were used in common law courts, are abolished, and the requisitions and forms of pleading, and the rules governing them, as adopted and required by the Ohio Code, will be used and recognized, on the law side thereof, by this court. "John Doe," the common counts, and the general issue, have no longer a home or habitation in this state, and, like many other past joys and pleasures, will soon be forgotten. The various kinds of process, writs, forms of journal entries, and modes of proceedings in court, must conform to the practice of the state courts, and the state statutes, and the rules and decisions of the state courts on these subjects must be the rule of decision and practice in the United States courts.

[NOTE. Where plaintiff has proved a legal title in an action of ejectment brought in the federal court, defendant cannot interpose an equitable title by way of defense. Robinson v. Campbell, 3 Wheat. (16 U. S.) 212; De la Croix v. Chamberlain, 12 Wheat. (25 U. S.) 599; Larriviere v. Madegan, Case No. 8,096; Greer v. Mezes, 24 How. (65 U. S.) 268; Singleton v. Touchard, 1 Black (66 U. S.) 342; Fenn v. Holme, 21 How. (62 U. S.) 481. See, also, Sheirburn v. De Cordova, 24 How. (65 U. S.) 423; Alexander v. Roulet, 13 Wall. (80 U. S.) 386; Hooper v. Scheimer, 23 How. (64 U. S.) 235; Hickey v. Stewart, 3 How. (44 U. S.) 750. Compare Strother v. Lucas, 6 Pet. (31 U. S.) 763; Swayze v. Burke, 12 Pet. (37 U. S.) 11.]

BUTLER COUNTY (CURTIS v.). See Case No. 3,500.

BUTRICK (HICKS v.). See Case No. 6,458.

BUTT (ELLETT v.). See Case No. 4,384.

BUTT (INGRAM v.). See Case No. 7,047.