## PROVOST *v.* PIDGEON.

*(District Court, S. D. New York. September 23, 1881.)*

1. ATTACHMENTS—WHEN SET ASIDE.

An attachment will be set aside in the absence of any proper endeavor to make personal service upon the respondent.

2. MARRIED WOMEN—PROCESS.

When the respondent is a married woman, having no place of business or of customary resort other than her home, which there is no reason to suppose she has left, an omission to seek her there, or at her usual or last known place of residence, must be held a failure of any proper endeavor to make personal service.

3. MISUSE OF PROCESS—PRACTICE.

When it is clear from undisputed facts that through the want of any proper effort to make personal service the process has been used in an unauthorized manner, such misuse will be corrected on motion.

In Admiralty. Motion to set aside the service of process of attachment.

*Samuel B. Caldwell,* for libellant.

*P. Cantine,* for respondent.

BROWN, D. J. A libel *in personam* was filed in this case on September 5, 1881, to recover for supplies furnished the steam-tug Frank Pidgeon, Jr., in her home port, during 1877 and 1878. On the same day process was issued to the marshal, with the usual clause

directing him, in case the respondent could not be found, to attach her goods, etc., to-wit, the steam-tug Frank Pidgeon, Jr. The return of the marshal states that "after diligent search and inquiry he was unable to find the respondent, and that he thereupon, on September 5th, attached the respondent's right, title, and interest in the steam-tug by leaving a copy of the process with the engineer in charge of the tug, and showing him the original." Upon the return-day the respondent appeared specially for the purpose of moving to set aside the service of procèss on the ground that no proper attempt was made to find or serve the respondent personally before attaching the tug.

The matter has been submitted to my determination upon the affidavits of the parties, and of the deputy marshal who made the service. From these it appears—

That the respondent is the wife of Francis Pidgeon, of Saugerties, Ulster county, New York, where she has for many years resided; that she has been owner of the tug since August, 1876, and that the bill of sale of the tug to her, registered at the New York custom-house, describes her as residing at Saugerties; that her husband, who has had the management and control of the tug, has for 20 years past had a place of business at Long Island city, and has been known to the libellant, who also did business in the same neighborhood for about that time; that the libellant knew he resided "up the river this side of Albany, but did not know his precise residence;" and that, prior to filing the libel, he had reason to believe that the respondent was the wife of said Frank Pidgeon, and the libel itself so states; that the supplies furnished by the libellant, for which this suit was brought, were furnished at the husband's request; that prior to the attachment the husband had, for some time, been absent from his place of business at Long Island city, and was supposed to have become insolvent; that the libellant's proctor, before filing the libel, had consulted the registry at the custom-house, and found that the respondent was owner of the tug since August, 1876; and that the marshal, on receiving the process for service, was informed by the libellant's proctor that the respondent was believed to be the wife of Francis Pidgeon, and that she resided in Saugerties in 1876, but whether she now resided there or not he did not know; that her husband had a place of business at Long Island city; that the marshal went to the husband's said place of business, did not find him, nor "learn anything of his whereabouts," either there or upon inquiry in the neighborhood; that he thereupon went to the tug, and, without inquiry for the respondent, attached it at once, and was thereupon immediately informed by the captain that Mr. Pidgeon was at Saugerties.

From these facts it seems evident to me that no *bona fide* endeavor was made by the marshal to serve the respondent personally. It was sufficiently known to him that she was the wife of Francis Pidgeon, and that she resided in Saugerties in August, 1876. The registry so stated, and the libellant's proctor so informed him, and no reason is

suggested for supposing her place of residence to have been changed. She had no place of business at Long Island city or elsewhere, and the only place where she was likely to be found, so as to be personally served, was at the home of herself and husband in Saugerties. That is within this district. It was the marshal's first duty to seek her there. He was not bound to go elsewhere, except upon some further definite information of her whereabouts. Having no reason to suppose her absent from her home, he had no right to forbear going there to find her, simply because it was in a portion of his district remote from his office, and therefore inconvenient to him to make personal service. To admit such an excuse would be to deny the benefit of equal laws to all parts of the district, and to inflict a penalty upon those who happen to live at a distance from the marshal's office.

The marshal sought for the respondent's husband at Long Island city. Had he found him there it would not have aided him in making personal service upon the respondent. It was possible her residence might have been changed, and the marshal might properly enough have sought her husband to be assured of that fact; but, not having found him, his duty remained of seeking her at her last known place of residence, the only place she was at all likely to be found. Had the marshal found the husband it would only have resulted in informing him that the respondent could be served at Saugerties, and of this fact the marshal already had sufficient presumptive evidence. Had the real purpose been to find and serve the respondent, no reason appears why inquiry should not have been made of the master of the tug before serving the attachment, instead of immediately afterwards, when the respondent's residence at Saugerties was again indicated. The fact, moreover, that the libellant's proctor had, before filing the libel, sought for the respondent's husband at Long Island city, and been informed of his continued absence from his place of business there, leads to the inference that the marshal's renewed inquiry for the husband or for the respondent at Long Island city instead of at Saugerties, together with the absence of inquiry at the tug before attaching her, could scarcely have been for the purpose or with the expectation of finding or serving her, but rather as a *pro forma* preliminary to an intended attachment of the tug without any serious endeavor to serve the respondent.

The case seems to be entirely within the principle of the decision of Judge Choate in the case of the *International Ceiling Co.* v. *Dill*, (unreported; to appear in 10 Ben.,) where it was held that, in the absence of any previous endeavor to make personal service upon the

respondent, the attachment must be set aside. The return in the present case, it is true, alleges "diligent search and inquiry," which was not alleged in the former case. But the facts in this case, as in that, are substantially undisputed upon the affidavits submitted. In the former case there was no attempt at all to serve the respondent. In the present case the only attempt was by inquiries for the respondent's husband at his place of business, a hundred miles from her home, and a place where there was no reason to suppose she could be found or had ever been; while she was *not* sought at her home in Saugerties, of which the marshal was sufficiently informed, which there was no reason to suppose she had left, and where she might easily have been served. This is not entitled to be considered any attempt at personal service. When the respondent is a married woman, having no place of business or of customary resort other than her home, which there is no reason to suppose she has left, an omission to seek her there, or at her usual or last-known place of residence, must be held a failure of any proper endeavor to make personal service. When the affidavits present any important disputed question of fact relative to the marshal's endeavor to make service, the persons aggrieved. must be remitted to their remedy by action against him for a false return, (*The International, etc.*, v. *Dill, supra; Harriman* v. *Rockaway, etc.*, 5 FED. REP. 461;) but where it is clear from the undisputed facts that the process, through the want of any proper effort to make personal service, has been in effect used in an unauthorized manner, such misuse should be corrected on motion without involving the parties and the officer in the expense or delay of an action for false return.

For these reasons the attachment should, in this case, be set aside. As the marshal's return does not import any seizure of the tug (*Brennan* v. *The A. P. Dorr*, 4 FED. REP. 459) no costs seem to have been incurred.