**MARINE TRANSPORT LINES, INC.,**
Libelant,

v.

**Wallace A. NUNES and William Gordon,**
Respondents.

No. 28637.

United States District Court
N. D. California, S. D.
Nov. 29, 1962.

Graydon S. Staring, of Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for libelant.

Albert Levy, of Goldstein, Barceloux & Goldstein, San Francisco, Cal., for respondents.

WOLLENBERG, District Judge.

Marine Transport Lines, Inc. has brought an in personam action for declaratory relief against Nunes and Gordon, who were employees of libelant and served aboard the Marine Rice Queen.

Admiralty Rule 59 now provides that declaratory relief may be prayed for in an admiralty proceeding.

Pursuant to Admiralty Rule 2, libelant has, by foreign attachment, attached two of Gordon's bank accounts in this district. While neither an affidavit nor the Marshal's return alleges Gordon can not be found within the district, as is required by Rule 2 [See 2 Benedict on Admiralty, Page 349 (1949)], by written admission of his counsel it is shown that Gordon is in New York and can not be located within this district.

Respondent seeks to dismiss the attachment on the ground that in personam jurisdiction can not be obtained through attachment. Respondent's counsel fails to take account of the distinction between civil and admiralty rules. The civil rule is that in personam jurisdiction can not be obtained by an attachment of property; but an attachment will be valid if obtained before personal service if it is likely that personal service will be obtained in due course. Hearst v. Hearst, 15 F.R.D. 258 (N.D. Cal. 1954).

In admiralty, however, a foreign attachment can be used not only to secure satisfaction if the suit is successful, but to obtain in personam jurisdiction and secure respondent's appearance as well. Manro v. Almeida, 10 Wheat.

473, 6 L.Ed. 369 (U.S.1825). While foreign attachment is most often used to claim in personam jurisdiction in admiralty over a corporation, on occasion it has been used to gain such jurisdiction over individuals, as is being done here. Manro v. Almeida, supra; Rosasco v. Thompson, 242 F. 527 (S.D. Ala.1917); Provost v. Pidgeon, 9 F. 409 (S.D.N.Y.1881). This procedure is perfectly proper in admiralty.

The motion to dismiss the attachments is denied, and the order to show cause granted on November 20, 1962 is vacated.