NEW-YORK PRACTICE REPORTS. 481

Carpenter and others agt. The New-York & New-Haven Railroad Co.

## SUPERIOR COURT.

### George Carpenter and others agt. The New-York & New-Haven Railroad Company.

A *voluntary appearance* of a defendant is equivalent to personal service of the summons upon him.

And a cause may proceed under the Code upon an *answer*, without any formal *appearance*, or notice of *retainer* or *appearance*, ever being filed or given.

On the 15th of September, 1855, the summons for relief, with process of attachment, were served upon the defendants, under the 134th section of the Code. On the 6th of October, a petition to transfer the cause into the circuit court of the United States, was filed, and a regular appearance of the defendants entered with the clerk, and a bond filed.

*Held*, that the petition was filed in *time*, on the 6th of October, the plaintiffs not having taken any steps to obtain judgment, although entitled to it on that day.

After the removal of the cause into the circuit court, which is effected by the statute, without an order, it is in the power of the plaintiffs to take the pleadings from the state court, in which the proceedings are stayed, and have the cause expedited in the circuit court, if they wish it.

The *attachment* is, by statute, preserved in force; and whatever steps are necessary in relation to it, should be the subject of a special application.

*Special Term, October, 1855.*

Petition by defendants to remove the cause to the circuit court of the United States.

J. E. Burrill, jr., *for plaintiffs.*
Wm. Curtis Noyes, *for defendants.*

Hoffman, Justice. The summons in this action was for relief, with the usual clause, that if the defendants did not answer within twenty days after service, application would be made to the court for the relief demanded in the complaint. The complaint was not served with it.

On the 15th of September, 1855, the summons, with process of attachment, were served upon the defendants, under the

134th section of the Code.    On the 6th of October, a petition to transfer the cause was filed, and a regular appearance of the defendants entered with the clerk, and a bond proffered and filed.    Upon this an order to show cause why the cause should not be removed was made, returnable on the 9th of that month.

On the return-day of the order to show cause, the parties appeared; and the application is resisted chiefly upon the ground that the time for answering had elapsed on the 5th of October; that the time for appearance, under the Code, was the time limited for answering; that without an application to the court, the party would not be let in; and that as the party was, as a matter of right, entitled to judgment on the 6th, the petition and appearance were filed too late.

It is to be noticed, that neither the 128th nor the 129th section of the Code, refer in any way to an appearance to be required in summons, to be entered.    The 130th section provides that a copy of the complaint need not be served with the summons, and then directs that when the complaint is not served with the summons, the former must state where it is, or will be filed.    Then the 130th section provides, that where a copy of the complaint is not served with the summons, if the defendant, within twenty days after service, causes notice of appearance to be given, or in person, or by attorney, demands in writing a copy of the complaint, such copy must be served within twenty days, &c. -

The seventh rule of the supreme court provides, that service of notice of appearance, or retainer generally, by an attorney, shall in all cases be deemed an appearance.    And the plaintiff, on filing such notice at any time thereafter, may have the appearance of the defendant entered, as of the time when such notice was served.

In *Quin* agt. *Tilton*, (2 *Duer* 648,) Justices DUER and OAKLEY held, that an order obtained by a defendant extending the time to answer, founded upon his affidavit that he had employed an attorney, and his absence from the city, was equivalent to a formal notice of appearance in the action.

So in *Higgins* agt. *Rockwell*, (2 *Duer*, 650,) it was held by

Justice BOSWORTH, that any one against whom, personally, a judgment is prayed, has a right to appear and answer, although no summons is served upon him. Such a voluntary appearance subjects him to the same liability as if he had been personally served.

This and similar cases in this court have been determined under the 139th section, declaring that a voluntary appearance of a defendant is equivalent to personal service of the summons upon him.

And in the late case of *Cooledge* agt. *Lawrence*, the general term of this court has held, that not merely the use of an answer in a case in resisting a motion for an injunction, and the appearance and argument of counsel, but that affidavits, endorsed by an attorney for the defendant, and such appearance and argument, was such an appearance as to prevent a removal to the court of the United States, upon a petition presented eight days afterwards.

It is, therefore, apparent that a cause may proceed under the Code upon an answer, without any formal appearance, or notice of retainer or appearance, ever being filed or given.

The section under which the present case proceeded, enabled, as before shown, the plaintiffs to apply to the court for judgment on the 6th of October, but not before. An application to the court was essential. Suppose that on that day at the moment when judgment was applied for, the defendants had appeared in open court and tendered an answer, I think the defendants would have been considered as appearing and answering, without the necessity of an order to let them in.

The case of *Abbott* agt. *Smith*, (8 *How. Pr. R.* 463,) appears to be much in point. It was decided, that notice of appearance or retainer might be served after a default, and before judgment entered, in every case where an assessment of damages by the clerk was necessary. And hence an order that the plaintiff file security for costs obtained after the default, but before the judgment, was held regular. The case of *White* agt. *Featherstonhaugh*, (7 *How. Prac. R.* 357,) is substantially overruled, and upon reasoning which appears well founded.

That case arose under the first subdivision of section 246; the present, under the second subdivision. That provides, that in all other actions (than those enumerated in the first) the plaintiff may, upon the proof of service, apply to the court after the expiration of the time to answer, for the relief demanded in the complaint. That relief would be controlled by the 275th section.

Again : the general rule at law was, that a defendant's plea was regular, though served after the time it was due, if before his default was entered. (1 *John. Ca.* 413 ; 10 *Wend.* 634.) The cases of *Havens* agt. *Dibble*, (18 *Wend.* 655,) and *Brainard* agt. *Hanford*, (6 *Hill*, 368,) do not contradict this rule. The same was the practice in the court of chancery. A demurrer, and of course an answer, could be entered after the allotted time, until the defendant was affected by process of contempt. (1 *Hoffman's Chan. Pr.* 213, *and cases.*)

I think, therefore, that the petition was filed in time on the 6th of October, the plaintiffs not having taken any step to obtain a judgment. I therefore omit to consider the effect of the order of the 6th of October, which may be liable to very serious objections.

The counsel objects that the bond is wholly insufficient in amount; that this is the only security the plaintiffs have for the prosecution of the case in the circuit court; and that the defendants may omit to carry the pleadings and process there; and thus delay the cause at their will.

The case of *Martin* agt. *Kanouse*, (1 *Blatchford's C. C. R.* 149, *and cases*,) shows the course of practice after the cause is removed; and upon a consideration of the act of congress, it appears to me that it is in the power of the plaintiffs to take the pleadings from this court, and have the cause expedited in the circuit court, if they wish it. The removal of the cause is effected by the statute, without an order. The proceedings are stayed in the state court.

As to the attachment, the statute undoubtedly preserves it in force. I am not aware whether any or what steps are requisite in relation to it. But certainly, if any step is proper, the

one court, or the other, must possess the power to direct it. It should be the subject of a special application.

The order to be entered will be as follows :—

## "SUPERIOR COURT.

" GEORGE CARPENTER and others agt. THE NEW-YORK & NEW-HAVEN RAILROAD COMPANY.

" *Special Term, Oct.* 9, 1854.

" A PETITION having been filed by the defendants in this cause, at the time of entering their appearance therein, on the 6th of October inst., praying for the removal thereof to the circuit court of the United States for the southern district of New-York, and offering good and sufficient surety, for their entering in such court on the first day of its session, copies of the process herein against them ; and also for their there appearing and entering special bail in the cause, if special bail was originally requisite therein ; and an order to show cause why the prayer of such petition should not be granted, having been made on the said 6th day of October instant.

" Now, upon motion of Mr. Noyes, of counsel for the defendants, and hearing Mr. Burrill in opposition thereto, it is declared, that it is made to appear to the satisfaction of this court, that the present suit is commenced by citizens of the state of New-York against a citizen of the state of Connecticut, and that the matter in dispute exceeds the sum or value of five hundred dollars, exclusive of costs. And it is further declared and ordered, that this court doth accept the surety offered ; and that all proceedings in the said cause in this court be, and they are hereby stayed."

In order to hear any objection to the right, as well as to the sufficiency of the security, it is proper that the application should be on notice, or an order to show cause. I have drafted an order to show cause, and also for the removal of the cause, which have been approved by two of the judges ; and may assist in governing the proceedings in this court hereafter.

## "SUPERIOR COURT.

## "George Carpenter and others agt. The New-York & New-Haven Railroad Company.

" *Special Term,* Oct. 6, 1854.

" *Present,* Hon. Murray Hoffman, *Justice.*

" The defendants having this day entered their appearance in this cause, and at the same time filed a petition praying for the removal of this action to the circuit court of the United States for the southern district of New-York, pursuant to the act of congress of the United States in such case provided, and offered the surety as therein provided, by a bond now filed ; it is ordered, that the plaintiffs show cause on the 9th day of October instant, at 10 o'clock in the forenoon, at a special term of this court, to be held at the city hall in the city of New-York, why the prayer of the said petition should not be granted."

## " Abijah Fisher and others agt. The Same."

( *Same as above.*