## FRIEDMAN and others v. ISRAEL and others.

*(Circuit Court, E. D. Louisiana. January 30, 1886.)*

REMOVAL OF CAUSE—DIRECTING MARSHAL TO TAKE PROPERTY FROM SHERIFF, HELD UNDER ATTACHMENT ISSUED BY STATE COURT.

Where a case has been rightfully removed from a state court, and the sheriff holds property under an attachment issued by that court, and one of the issues of law is as to whether the property attached was legally attached, and what privileges and rights plaintiff may have to and in such property, the circuit court may issue an order directing the marshal to take the property from the sheriff, and hold it for the circuit court.

On Motion to Remand, and to Vacate Order to Marshal, etc.

*Jos. P. Hornor* and *F. W. Baker,* for plaintiffs.

*A. H. Leonard* and *Marks & Bruenn,* for defendants.

BOARMAN, J. This suit was begun in the state court, where writs of attachment were issued, and certain property was seized, and is now held by the sheriff. The defendants caused the case to be removed on the ground of different citizenship. The state court refused the order for removal. The transcript was filed in this court, and some days afterwards the defendants filed a petition showing that the transcript discloses the fact that the sheriff of Ascension parish had siezed certain property of the defendant, and now, notwithstanding the suit is removed to this court, pretends to hold the said property by virtue of said writs. The petitioner prayed for an order directing the marshal to take from the sheriff the said property, and hold the same for this court. That order was granted. Before this order was executed, the plaintiffs moved to remand the case, and obtained a rule to show cause why the order to the marshal should not be vacated. Both of these matters are now before the court.

The state court, under its general jurisdictional power, was authorized to try the case. This court has jurisdiction to try the suit as an original suit, or as a case removed to it because of the different citizenship of the suitors. The motion to remand being overruled, the question as to vacating the order must be considered from the conclusion that the suit is rightfully removed, and that this court has jurisdiction to try the case, and all of its issues and controversies, just as if it had gone on in the state court.

One of the issues of fact and law is as to whether the property attached was legally attached, and what privileges and rights the plaintiff may have to and in the said property. The life of a judgment lies in the power of the court to execute it, and it is essential to competent jurisdiction that the property in an attachment suit, whether in the state or federal courts, should be in the legal custody of the court; otherwise a judgment affecting the *res* in the case would be an idle formality.

It appears that many, if not all, the difficulties suggested by the counsel, resisting the allowance of the order, grew out of the fact that the state and federal courts look to different sovereignties for the source of their judicial powers. As a rule, these courts administer the same laws; the United States courts administering the laws of the states in which they may be sitting; but the latter courts, on all questions of jurisdiction to try a particular case, look to the constitution and laws of the United States, and must for themselves, and in view of the duties and responsibilities imposed on them by the law of their sovereign, consider and decide such questions. Of course, the circuit court has no appellate power over the courts of any states; but its power to try the case, after it is properly removed, carries with it the authority to issue such orders as are necessary to make its jurisdiction effectual for enforcing the supremacy of the constitution and laws of the United States. *Rosenthal* v. *Walker*, 111 U. S. 186; S. S. 4 Sup. Ct. Rep. 382; *Tarble's Case*, 13 Wall. 406; *Ableman* v. *Booth*, 21 How. 506; *Covell* v. *Heyman*, 111 U. S. 179; S. C. 4 Sup. Ct. Rep. 355.

It has been held that the United States courts to-day are vested with all the judicial power that congress, under the constitution, can grant to them, and the act of 1875 has been declared by the United States courts to be free from all questions as to its constitutionality. The authorities are uniform in holding that when the formalities prescribed in that act for the removal of a suit have been complied with, the suit, *eo instanti*, is removed to the circuit court. *Insurance Co.* v. *Dunn*, 19 Wall. 223. Logically, it must follow from the language of that act, as well as from the frequent interpretations the United States courts have been called on to give to that act, that a suit rightfully removed is all out of the state court, and that all of it—the record and *res*—is in the circuit court, and that the circuit court and its officers are then charged with the duty of exercising all the conservatory writs and processes necessary to maintain its jurisdiction, and make the judgment of the court, in relation to the parties and the *res*, —whatever the judgment may be,—effectual.

The counsel arguing the motion to vacate admits, for the sake of his argument, that the case is rightfully removed; but he contends that there is no power in this circuit court to cause the *res* to be brought here. In support of this proposition, he cites the following cases: *Chesapeake & O. R. Co.* v. *White*, 111 U. S. 134; S. C. 4 Sup. Ct. Rep. 353; *Covell* v. *Heyman*, 111 U. S. 176, 182, 184; S. C. 4 Sup. Ct. Rep. 355; *Taylor* v. *Carryl*, 20 How. 583; *Com.* v. *Roby*, 12 Pick. 506; *Krippendorf* v. *Hyde*, 110 U. S. 283; S. C. 4 Sup. Ct. Rep. 27. The opinions in the cases cited do not appear to have been based on a consideration of such facts as are shown in this case, and a careful reading of them does not impress us with the thought that the supreme court intended to say anything authoritatively as to what they would hold should a case involving such facts

as are in this case come before that court. The order asked for does not contemplate the taking of property by the United States court out of or away from the jurisdiction of the state court, nor will its execution bring about a conflict of jurisdiction. Such a condition, in fact or in law, could not come about unless the property now in the hands of the sheriff is in the possession of the law. If we believed the property held by him is now in the possession of the law, that it is held by the sheriff under an operative writ or under competent authority, we would go no further in this matter. The reading of the act of 1875 shows clear enough what its authors meant, and we must discharge our duty in accordance with its provisions.

In *Kern* v. *Huidekoper*, 103 U. S. 485, the court, having cited a number of cases, said:

"Those cases decide that property held by an officer of one court, by virtue of process issued in a cause pending therein, cannot be taken from his possession by the officer of another court of concurrent jurisdiction, upon process in another case pending in the latter court. But here there is but one case. It is brought in the state court. It falls within the terms of the act of congress for the removal of causes. When the prerequisites for removal have been performed, the paramount law of the land says that the case shall be removed, and the case and the *res* both go to federal court. * * * When the removal is accomplished, the state court is left without any case, authority, or process by which it can retain the *res*. * * * The suit, and the subject-matter of the suit, are both transferred to the federal court by the same act of removal, or, when a bond for the delivery of the property has been taken, as in this case, the bond, as the representative of the property, is transferred with the suit. There is no interference with the rightful jurisdiction of the state court, and no divesting from its possession of property which it has the right to retain."

Let it be accepted fully, that the suit in which the attachment was issued is no longer a suit pending in the state court, but that there is but one suit, and it is in this court, and the difficulties as to a conflict of jurisdiction cease to be serious. Under the operation of the act of 1875 there is but one suit, and that is now all in this court.

It can hardly be seriously disputed that, when a case is rightfully removed to this court, the circuit judge can do or should do all that the state judge can do or should do if the case had remained to the end in the state court, and it follows that the federal judge possesses all facilities and powers which the state court could have exercised to dissolve the attachment if wrongfully issued, or to maintain and fix, by judgment, all the rights of the parties in the removed suit. Otherwise the suit is not removed. This view cannot be enforced unless this court has the *res* in its possession.

Again, it is contended that the defendant, seeking relief against the refusal of the state court to allow the removal of his case, must look, on a writ of error, to the appellate power of the supreme court of the United States. Whether congress can or cannot give the circuit courts of the United States power to issue writs of injunction, writs of prohibition, or processes for contempt when the state court

goes on with the trial of the case, need not now be considered. It is enough to say that congress has not given to the United States courts such a power. But no such power is required to make effectual the order herein sought by defendant; and it does not follow because such writs cannot issue, that the *res* in the removal suit cannot be brought to this court, and subjected to its jurisdiction just as fully as it would have been had the suit been dismissed in the state court, and then filed in this court. The end can be attained without invoking the appellate power of the supreme court; and there is no reason why a method or process, not prohibited by law, should not be now adopted, by which the act of 1875 can be made to attain the purpose its authors had in view when it became the supreme law of the land. It seems that the purpose of the mover for the order might be effected by taking up the case from the state court, on writ of error, to the supreme court; but none of the cases cited, directly or indirectly, seem to forbid the issuance of the order prayed for. If the defendant, as has been frequently held, need not stay longer or appear at all ·in the state court after the case is rightfully removed, why should he, in seeking for relief from the refusal of the state court to allow his suit to be removed, be limited to an effort to have the error of the state court corrected by the United States supreme court? If there was no jurisdiction in the state when the petition and bond were filed, why should the defendant go to the supreme court to correct an error committed by the state court after that court had lost its jurisdictional power to do anything in the case? By the paramount law of the land, the state court is directed, when certain formalities have been complied with, to give up to the United States court all the jurisdiction it had when the suit was removed. By operation of the supreme law, the state court is shorn of its powers to do anything further in the case, and not a vestige of the suit, or its subject-matter, rightfully remains in the state court. *Kern* v. *Huidekoper*, 103 U. S. 485; *Chesapeake & O. R. Co.* v. *White*, 111 U. S. 134; S. C. 4 Sup. Ct. Rep. 353; *Insurance Co.* v. *Dunn*, 19 Wall. 223. True, the state court has the power, whatever may be the decision of this court, physically to go on now and try the case; but its judicial power to continue its possession of the *res*, through the hands of its sheriff, is at an end, and his possession is not the possession of the law. The writ under which he seized the *res* is dead, and in his hands it is a shadow, and he cannot interpose it between himself, as an officer of the state court, and the marshal, when he demands the property. *Insurance Co.* v. *Morse*, 20 Wall. 445; *Railroad Co.* v. *Mississippi*, 102 U. S. 141.

This court's views may not be in accord with the opinion that the supreme court may announce should this case go up; but its decision, in the nature of things, must be the law for the case until the appellate court holds differently. For the purpose of passing upon the rule now being tried, this court has the fullest jurisdiction to say that

the suit is or it is not rightfully here, and all we have said is based on the opinion that the suit is rightfully removed. If it is rightfully removed, the force of what we have said cannot be denied. *Bank of U. S. v. Halstead*, 10 Wheat. 51; *The St. Lawrence*, 1 Black, 522.

This court cannot try the case, and dispose of the *res*, until it is in possession of the law which gives this court jurisdiction to try the case. The state court cannot try the case, because it is now without "any case, authority, or process by which it can retain possession of the *res*." Again, we say that this court is not interfering with or attempting to take a thing which is in the possession of the state court. The thing we direct the marshal to take is not in the possession of the law, because the writ under which the sheriff took possession of the property is now, under the provisions of the act of 1875, without effect in law. The writ cannot now protect him, in withholding the property from the demands of the marshal, to any greater extent than it would if the suit was dismissed, and the defendant should make a demand for the property.

The motion to remand is denied, and the rule to vacate the order to marshal is refused.