E. M. MITCHELL, by brief, for plaintiff in error.

J. C. JENKINS, *contra.*

---

THE SOUTHERN PACIFIC COMPANY *v.* STEWART.          88   13
                                                         118  790

1. Inasmuch as by the statute of the United States an application to remove a cause from a State court to the United States circuit court is in time if made "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff"; and inasmuch as the law of Georgia entitles the defendant to plead at any time before final judgment, where the case is one commenced by attachment, an application made to remove at any time before final judgment is not too late, where the defendant has filed no plea.

2. A stipulation between the parties by which the plaintiff in attachment agrees to dispense with bond as a condition to dissolving the attachment, and the defendant agrees to be bound by any judgment rendered in the State court as if said company were within the jurisdiction of said court and had been personally served, will not oust the right of removal or estop the defendant from exercising such right.

October 19, 1891. By two Justices.

Removal to United States court. Estoppel. Attachment. Before Judge VAN EPPS. City court of Atlanta. March term, 1891.

Reported in the decision.

CALHOUN, KING & SPALDING and J. T. PENDLETON, for plaintiff in error.

ARNOLD & ARNOLD, *contra.*

BLECKLEY, Chief Justice.

This was an attachment for $10,000, sued out on the

ground that the company was a non-resident of the State of Georgia, in favor of Stewart against the Southern Pacific Company. It was levied by the service of garnishment and was returnable to the June term, 1890, of the city court. Before that term arrived, the parties entered into a written agreement whereby it was stipulated that the company be relieved from the necessity of giving bond to dissolve the garnishment, and that it would enter a general appearance in lieu of giving bond and security. This clause was added: "The Southern Pacific Company fully consents to the jurisdiction of the city court of Atlanta and agrees to be bound by any judgment rendered in said case as if said company was in the jurisdiction of said court and had been personally served." By petition to the city court presented on the 11th of May, 1891, the company applied to remove the case to the Circuit Court of the United States for the Northern District of Georgia, alleging that the company was a citizen of Kentucky and the plaintiff a citizen of Georgia. The court accepted the petition and the accompanying bond. Two days afterwards it ordered that the acceptance be revoked, holding that the case was not removable. The order of revocation is complained of as error.

1. One of the reasons assigned here in argument why the case is not removable, is that the application came too late. It is contended that, under the stipulation above recited, the case ceased to be an attachment proceeding, but was put upon the footing of an ordinary action, and that the time for filing a plea or answer was the appearance term, or certainly not later than the subsequent term. We think otherwise. The stipulation simply put the case where it would have stood if bond and security had been given to dissolve the garnishment, and we have no statute or rule of court which requires plea or answer earlier in an attachment

case where the attachment has been dissolved, than where it has not been dissolved. The only statute upon the subject is §3310 of the code which says: "The defendant may appear by himself or attorney at law, and make his defence at any time before final judgment is rendered against him." This section was construed in *Kimball* v. *Nicol*, 58 *Ga.* 175, as holding the case open for appearance and defence down to the actual rendition of final judgment. So far as appears, the company in this case had not filed any plea or answer when the petition to remove was presented. Had a plea then been filed, it would have been in time, and this being so, the right to remove had not been lost, the statute of the United States allowing the petition to be made and filed "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." Statutes of the U. S. 1886–87, pp. 553, 554, §3.

2. We can see no trace of any estoppel in the stipulation between the parties. The company by agreeing to to be bound by any judgment rendered in the State court did not expressly waive the right of removal. It does not now seek to controvert the jurisdiction of the city court, but simply to exercise a right consistent with that jurisdiction. It treats itself as upon the same footing as it would have occupied had the court obtained jurisdiction over its person by giving the notice provided for in §3309 of the code.

The point raised in argument that the bond did not provide for entering special bail seems to have no merit. But whether so or not, it was not passed upon by the court below, the court having revoked its acceptance of the petition and bond because the case was not removable, and not because of any defect in the bond tendered.                    *Judgment reversed.*