WASHINGTON & I. R. CO. v. COEUR D'ALENE RY. & NAV. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. February 12, 1894.)

No. 113.

1. TERRITORIAL COURTS—TRANSFER OF CAUSE ON ADMISSION OF STATE.
      In ejectment in a court of Idaho territory against the lessee and lessor of the premises, the summons was returned served as to both, and, on the admission of Idaho as a state, both petitioned for removal of the

cause to the circuit court created by the act of admission (26 Stat. 215); on the ground that the lessee was a federal corporation. *Held,* that the action was "pending" as to both defendants, within the provision of that act (section 18), giving the court jurisdiction of such cases, although in fact the lessee was not served, and did not appear therein, and this appeared by the judgment subsequently entered.

**2. SAME—PROCEEDINGS FOR TRANSFER—JURISDICTIONAL FACTS.**
The "request in writing" for such transfer, required by the statute, must show the facts necessary to give jurisdiction, unless they appear elsewhere in the record.

**8. PUBLIC LANDS—RAILROAD RIGHTS OF WAY—CONFLICTING SURVEYS.**
A railroad company which surveys an extension of its line over public lands beyond one of the termini fixed by its charter, and afterwards files supplemental articles of incorporation, authorizing it to make the extension, acquires by such survey no right of way, under the act of March 3, 1875 (18 Stat. 482), as against another company, which, having full powers, makes a survey over the same land after the former company's survey, but before the filing of its supplemental articles.

**4. SAME—CHANGE OF ROUTE.**
The filing of a map of the route selected, under this act, and the approval thereof by the secretary of the interior, do not prevent the company from afterwards, and within the time allowed by law, adopting a different route, so long as the rights of others have not intervened; and this without regard to the rules and regulations of the department of the interior.

In Error to the Circuit Court of the United States for the District of Idaho.

This was an action of ejectment brought in a court of Idaho territory by the Washington & Idaho Railroad Company against the Coeur d'Alene Railway & Navigation Company and the Northern Pacific Railroad Company to recover land alleged to constitute part of plaintiff's right of way. On the admission of Idaho as a state, the case was removed by defendants to the federal circuit court. The case was tried to the court without a jury, and judgment was entered for defendants. Plaintiff then sued out this writ of error.

W. W. Cotton, for plaintiff in error.
McBride & Allen and W. H. Francis, for defendants in error.

Before GILBERT, Circuit Judge, and KNOWLES and HAWLEY, District Judges.

GILBERT, Circuit Judge. On May 15, 1889, the Washington & Idaho Railroad Company brought an action of ejectment in the district court of the first judicial district of the territory of Idaho against the Coeur d'Alene Railway & Navigation Company for the recovery of a strip of land, described as the right of way of the plaintiff's railway, being 100 feet in width on each side of the described center line of the plaintiff's road. The complaint alleged that the Coeur d'Alene Railway & Navigation Company entered into possession of the described premises, and ejected the plaintiff therefrom, and that the Northern Pacific Railroad Company is in possession thereof as the tenant of its codefendant. The Coeur d'Alene Railway & Navigation Company answered the complaint, denying the title of plaintiff, and admitting that it, the said de-

fendant, entered into possession of the premises, and still holds the same. The answer also pleaded estoppel, alleging that the Coeur d'Alene Railway & Navigation Company had constructed a railroad over the premises in question, with the knowledge of the plaintiff. A demurrer was filed by the plaintiff to the answer by way of estoppel, on August 27, 1890, and the action was removed by the defendants into the circuit court of the United States for the district of Idaho. On May 23, 1892, the cause was tried before the court, without a jury, upon the complaint and the separate answer of the Coeur d'Alene Railway & Navigation Company, and the court thereupon made findings of fact and conclusions of law in favor of the defendant, the Coeur d'Alene Railway & Navigation Company adjudging that the plaintiff take nothing by the action, and that the defendants have judgment for costs. The plaintiff brings this writ of error to review that judgment.

The first assignment of error is that the circuit court had no jurisdiction to hear or determine the cause. The jurisdiction of the court is invoked by reason of the federal question involved in the fact that the Northern Pacific Railroad Company, a federal corporation, is a party to the action. The statute under which Idaho was admitted into the Union was approved July 3, 1890 (26 Stat. 215). Section 18 provides:

"That in respect to all cases, proceedings and matters now pending in the supreme or district courts of said territory at the time of the admission into the Union of the state of Idaho, and arising within the limits of said state whereof the circuit or district courts by this act established might have had jurisdiction under the laws of the United States, had such courts existed at the time of commencement of such cases, the said circuit and district courts, respectively, shall be the successors of such supreme and district courts of said territory."

It is argued that this action was not "pending" against the Northern Pacific Railroad Company, for the reason that that company was never served, and never appeared in the action; and that the federal character of the corporation can only give rise to a federal question when the corporation is an actual party to the suit, actually present and engaged in the litigation.

It cannot be said that the Northern Pacific Company was not an actual party to the litigation. It was not only made a party, but it was a proper party. It was the party in possession of premises sought to be recovered by an action of ejectment. Its right of possession was determinable by the judgment to be rendered in that action. It was no less a party from the fact that in the action of ejectment by the law of Idaho, as by the law of many other states, the tenant in possession might, by disclosing his interest as tenant only, permit his landlord to defend the action. The object of the action was to obtain the possession of the premises described in the complaint, and to obtain an adjudication in favor of the plaintiff's claim of title to the same. These objects could not be secured without the presence of both the defendants.

The right to remove the cause under the statute above quoted is determined by the condition of the case at that time, not by the

subsequent course of the litigation. The inquiry is whether, at the time Idaho was admitted to the Union, this action was pending against both the defendants. An action is deemed to be pending from the time of its commencement until its final determination upon appeal. The action was commenced by filing the complaint. At the same time summons was issued, to be served upon both the defendants. The return recites that service was made upon both the defendants. So far as the record shows, the return remained unchallenged until entry of the final judgment, which recites that no service had been made upon the Northern Pacific Company, and that no appearance had been made by that defendant. At the time when the cause was removed, the return of the service was on file, but no default had been taken against the Northern Pacific Company, and no disposition had been made of the plaintiff's controversy against it. That defendant, in presenting its petition for removal to the circuit court, declared itself to be one of the defendants in the case, and recited the fact that the cause "is now pending in the state court, and is properly within the jurisdiction of the circuit court of the United States." It is obvious that, if the service upon that corporation were defective, other service upon an alias summons could have been had before or after the removal, and it cannot be said that the action was not at the time of the removal pending as to both the defendants. The fact that service was not subsequently had, and that no appearance was made in the cause by the Northern Pacific Company, and that a trial was had upon the answer of its codefendant alone, does not, in our judgment, affect the question under consideration.

It is further argued that, even if it be conceded that the action was pending as to the Northern Pacific Company at the time of the admission of Idaho, still it does not affirmatively appear from the record that the jurisdictional facts existed at the commencement of the action, but that, on the contrary, the allegations of the petition for removal are all confined to the date of the petition itself. On the other hand it is contended that the cause is removed, not under the removal acts, but under the special provisions of the statute above quoted, which permit the removal upon the simple request in writing of a party to the suit, and that it is not necessary that the jurisdictional facts appear in the record; it is sufficient if they exist. We are unable to concur in this view. A "request in writing" and a petition are one and the same thing. When the rules governing the practice of the federal courts are considered, it is evident that congress in providing for the transfer of causes pending in the courts of Idaho, upon the written request of a party, intended that the request should perform the essential functions of a petition for removal under the removal acts, and that, if the jurisdictional facts elsewhere appeared in the record, a simple request in writing for the transfer would be sufficient. If these facts were not apparent from the record, the request should advise the court of the grounds upon which the jurisdiction is invoked. It was not contemplated that, in the case of suits so removed from the courts of Idaho, a departure should be made from the rule, else-

where uniformly observed, that the jurisdictional facts must appear of record.

What are the jurisdictional facts that should be made to appear in this case? It was only necessary to show that one of the parties to the cause, at the commencement of the action and at the time of the admission of Idaho, was a federal corporation, and that the amount in controversy exceeded $2,000. These facts distinctly appear from the record. The complaint alleges that the Northern Pacific Company, at all the times mentioned in the complaint, was a corporation duly organized under the laws of the United States. The petition for removal alleges that that company is a corporation organized and existing under and by virtue of an act of congress entitled "An act granting the lands," etc., approved July 2, 1864. It necessarily follows from these averments that the Northern Pacific Company was a federal corporation at the commencement of the action, on the date of the approval of the act admitting Idaho, and at all times since. There can be no pretense that that corporation was a nominal party collusively joined as a defendant for the purpose of conferring jurisdiction upon the federal courts, for at the commencement of the action no such removal was possible.

The other assignments of error challenge the correctness of the findings of the court below. As there is no bill of exceptions presented in the record, the power of this court on writ of error is limited to the consideration of the question whether or not the findings of fact justify the conclusions of law arrived at by the trial court. It appears from the findings of fact that the plaintiff was organized under the laws of Washington, July 3, 1886, with the power, as expressed in its articles of incorporation, to construct a railroad to the town of Wardner in Shoshone county, Idaho. If its road had been constructed as described in the articles, it would not have included the premises in controversy, but on the 8th day of November, 1886, the plaintiff company filed supplemental articles providing for an extension of its road through the town of Wallace over the premises in controversy. Before filing these articles, however, on the 28th day of October, 1886, the plaintiff caused its line of survey to be made, locating its extension on the premises described in the complaint. On the following day, the defendant Coeur d'Alene Railway & Navigation Company, a corporation created under the laws of Montana, and having a legal status in Idaho from and after the 20th day of July, 1886, surveyed its road through Wardner, over practically the line adopted by the plaintiff. It is obviously true, as found by the court below, that the survey made by the plaintiff on the 28th day of October, 1886, could confer no rights whatever as against the survey made upon the 29th. At that time the plaintiff had not the power, through its charter, to construct a road over the premises in controversy. It had no such power prior to the 8th day of November, 1886. The act of congress under which both companies claim the right of way in question provides:

"That the right of way through the public lands of the United States is hereby granted to any railroad company duly organized under the laws of any

state or territory * * * which shall have filed with the secretary, of the interior a copy of its articles of incorporation and due proofs of its organization under the same, to the extent of one hundred feet on each side of the central line of said road."

It is plain that, under this act, no corporation could acquire a right of way upon any line not described in its charter or in its articles of incorporation; and it necessarily follows that no initiatory step could be taken to secure such right of way by the survey upon the ground or otherwise. Until the power to build the road upon the surveyed line was in a proper manner assumed by or conferred upon the plaintiff corporation, its acts in making survey were of no avail, and it follows that, so far as the conflicting rights of these two corporations are concerned, the status of the plaintiff is the same as if its survey of October 28, 1886, had not been made.

It is further urged that, as the findings show that the Coeur d'Alene Railway & Navigation Company surveyed three distinct lines at said town of Wallace, known as lines A, B, and C, the last named being the line in dispute, and on the 8th day of November, 1886, it filed in the local land office a plat of its route, adopting the line B, the plaintiff was thereby misled to its injury. To this it may be said that such injury does not appear from any fact in the record. The finding is that the plat of the line B was filed by mistake, and that the line C was the one actually adopted, and intended to be placed on record in the filed plat. Section 4 of the act of congress above referred to provides that within 12 months after the location of any section of 20 miles of road, if upon surveyed lands, or, if upon unsurveyed lands, within 12 months after the survey thereof by the United States, the plat of the same shall be filed. At that time the lands in controversy, and all the lands along the line, were unsurveyed public lands. In the summer and fall of 1887, the Coeur d'Alene Railway & Navigation Company completed its line of road over the land in controversy; no further survey was made by the plaintiff until 1888, and the plaintiff did nothing whatever on the premises in controversy in the way of constructing a road until that year.

It is contended that the rules and regulations of the department of the interior issued November 7, 1879, and in force during the period of this controversy, confined the Coeur d'Alene Railway & Navigation Company to the line of route adopted by its first map, and it is argued that, while that company might not have been required under the act to file its map at the time such filing was made, yet it had the right to do so under the regulations of the secretary of the interior, and that, when such map was approved by the secretary, the company thereupon "secured" the benefits of the act; in other words, that, by the filing of the map upon line B, the defendant secured the benefits of the act upon that line, and could not thereafter alter its route so as to affect the rights of any other party. In U. S. v. Chaplin, 31 Fed. 890, Judge Deady said of these rules that "when they coincide with the law they are superfluous, and when they do not, or go beyond it, they are invalid." We find no warrant in the act for saying that a

railroad company, having adopted one line of survey along the route provided for in its articles of incorporation, and having filed the plat thereof, may not subsequently, and within the time allowed it by law for so doing, adopt another route, and no reason is apparent why, instead of filing a second plat, it may not construct its road on the line surveyed and adopted, so long as the rights of others have not intervened. In this case, as shown from the findings, no rights of the plaintiff had intervened prior to the actual construction of the road of the Coeur d'Alene Railway & Navigation Company upon the premises in controversy in this suit, and no error is apparent in the judgment rendered upon the findings of the court below.

The judgment is affirmed, with costs to the defendant in error.