LEBENSBERGER v. SCOFIELD et al.

(Circuit Court of Appeals, Sixth Circuit. July 20, 1905.)

No. 1,405.

1. REMOVAL OF CAUSES—ATTACHMENT.

Where an action begun by attachment was properly removed to the federal court pending a motion to dissolve the attachment, both the principal suit and the attachment proceeding were transferred into the federal Circuit Court, which, on the filing of the transcript and docketing the cause there, was as fully possessed of the case as if it had been begun in that court, as provided by Act Cong. March 3, 1875, c. 137, 18 Stat. 470, § 4 [U. S. Comp. St. 1901, p. 511].

2. SAME—LEVY OF ATTACHMENT—JURISDICTION.

Where a suit was brought in a state court by attachment, and, pending a motion to dissolve the attachment, was removed to the federal court, the seizure of defendants' property was a sufficient basis on which the federal court was entitled to found its subsequent proceedings both in the principal suit and as to the attachment, though no jurisdiction of the persons of the defendants had been acquired.

3. PROCESS—ALIAS SUMMONS—SERVICE.

Where, in a suit begun by attachment and removed to the federal court, one of the defendants (a nonresident) came into the state pending a motion to dissolve the attachment, the court had jurisdiction to authorize the issuance and service of an alias summons upon her.

4. REMOVAL OF CAUSES—CITIZENSHIP.

Where both at the commencement of an action in the state court by attachment and at the time of its removal defendants were citizens of states other than that of which plaintiff was a citizen, the fact that, after removal on the ground of diverse citizenship, one of the defendants removed to the state where plaintiff resided, and became a citizen of such state, did not deprive the federal court of jurisdiction.

[Ed. Note.—Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

5. TRIAL—ISSUES—SUBMISSION—DISCRETION.
> It is within the discretion of the trial court to direct the separate trial of a material issue to the jury.

6. COURTS—PLEA TO JURISDICTION—WAIVER.
> Where, in an action against a nonresident, begun by attachment. she appeared specially and objected to the jurisdiction, and, after summons had been served on her, and she had moved to set the same aside, she obtained leave to withdraw such motion, and was granted time to answer, she thereby waived her objection to the court's jurisdiction of her person.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

C. T. Johnson and H. L. Peeke, for plaintiff in error.

H. E. King, for defendants in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. The plaintiff, Lebensberger, brought suit against the defendants named in the title of this cause by petition filed in the common pleas court of Erie county, Ohio, on July 26, 1902, claiming damages to a stock of goods kept by him in the lower stories of a store situated in Sandusky, resulting from the flooding of said lower stories by water coming from a defective toilet room and water-closet maintained by defendants in the next story above. The petition stated that the plaintiff held a lease from the defendants of the two lower stories. The damages claimed by the plaintiff were laid at $10,908.91. A præcipe was filed for a summons and order of attachment. It does not appear that any affidavit for a writ of attachment was filed at that time, or that any such writ then issued. But a summons was issued and returned stating that defendants were not found. On October 21, 1902, the plaintiff filed his affidavit (called "Second Affidavit for Attachment"), and the writ was issued and served by levying it on property described as that of defendants. On November 1, 1902, the defendants filed a motion to dissolve the attachment, and their affidavits in support thereof; stating that they came for the purpose of the motion only, and not as intending a general appearance. November 29, 1902, the defendants filed a petition and bond for removal into the Circuit Court of the United States upon the ground of diverse citizenship—affirming that the plaintiff was a citizen of Ohio, the defendant Scofield a citizen of New York, and the defendant Moore a citizen of Massachusetts—and the cause was removed. The plaintiff filed a motion to remand, which was denied June 6, 1903. On the same day the plaintiff caused to be issued out of the Circuit Court a summons in that cause to the defendant Moore, and to her also as trustee, which was served upon her at Sandusky on the same day. Appearing specially for the purpose of her motion on July 2, 1903, she moved to set aside the service of the summons upon her affidavit that since the commencement of the action, and on April 1, 1903, she had become a citizen of Ohio, which was the state of the plaintiff. On the following day, July 3d, the motion which had been filed in the common pleas court for the dissolution of the at-

tachment was sustained. At the December term, 1903, the motion of Mary S. Moore to dismiss the cause was overruled. Thereupon, by leave of the court, she withdrew her motion to set aside the service of summons upon her, and upon her application she was given leave to answer within 60 days after December 3, 1903. By leave of the court the plaintiff on March 3, 1904, amended his petition. The cause of action stated therein was in substance the same as that stated in the original petition. In the original the plaintiff apparently re- lied upon the covenant for quiet enjoyment implied by law. In the second and third it was stated as an express covenant. On May 7, 1904, the defendant Mary S. Moore filed her answer, as an individ-- ual and as trustee, in three paragraphs, in the first of which she averred that on April 1, 1903, after the removal of the cause, and before the issuance of summons by the Circuit Court, she became and still remained a citizen of Ohio, and prayed that the action be dismissed for want of jurisdiction. In the second and third she pleaded defenses to the merits of the action. Issue being joined, the cause was tried before a jury at the June term, 1904. A verdict was rendered against Mary S. Moore, as trustee, for $5,306.61, and by direction of the court a verdict in her favor as an individual. Judgment was entered accordingly. The plaintiff moved to set aside the verdict so far as it related to the defendant personally, and she moved to set it aside so far as it related to her as trustee. Both motions were granted, and the cause continued. At the De- cember term the cause again came on for trial, when the court, against the objection of the plaintiff, directed the separate trial of the issue on the paragraph of the answer relating to the citizenship of the defendant Moore on the 6th day of June, 1903, the date of issue of the summons from the Circuit Court. The jury returned a finding that on that day she was a citizen of Ohio. Thereupon the court, after reciting its own findings, containing substantially a re- cital of the history of the case, and declaring a further finding that the court had no authority to issue the summons of June 6, 1903,. and that the suit did not involve any real or substantial controversy properly within the jurisdiction of the court, entered the following judgment:

"It is therefore considered by the court that the petition of plaintiff herein be dismissed, without prejudice to a new action, and that the jurisdiction of this court over the parties and the subject-matter be, and the same is, fully released by this court, except to enforce payment of costs."

We have been at pains to state the chronological order of the proceedings in order to show the continuity of the action. It was stated by counsel on the argument that publication of notice to the defendants had been ordered by the state court, and was pending at the date of the removal into the Circuit Court, but we have been unable to find anything in the record to confirm that statement.

The plaintiff sued out a writ of error, and the assignments are directed to the action of the court in directing the trial of the issue relating to the citizenship of the defendant on June 6, 1903, and in dismissing the cause upon the finding of the jury on that issue. It is not disputed that at the commencement of the action and at the

time of its removal the plaintiff was a citizen of Ohio, and that the defendants were citizens of other states. And we think the action had at the date of the removal been "brought," within the meaning of the statute relating to removals. As the sum in controversy was sufficient, there can be no doubt that the suit was within the federal jurisdiction, and was properly removed. The whole cause— as well the principal suit as the attachment proceeding—was transferred into the Circuit Court of the United States; and that court, upon the filing of the transcript and the docketing of the cause there, was as fully possessed of the case as if it had been begun in that court. Section 4 Act March 3, 1875, c. 137, 18 Stat. 470, 1 U. S. Comp. St. 1901, p. 511. It would proceed with it from that stage of the proceedings at which it left the state court. Although no jurisdiction of the persons of the defendants had yet been acquired, the seizure of their property on the writ of attachment was a sufficient basis on which to found its further proceeding, not only in the ancillary matter, but in the principal suit, for the obtaining of a judgment in the principal suit was a necessary condition to the special relief which the plaintiff was seeking. If personal service of process upon the defendants could be had, a personal judgment could be rendered against them, on which execution might issue as in the ordinary course. If it could not, then, upon constructive notice by publication, the court would be authorized to render a judgment against them, which, though not binding them for any other purpose, would be sufficient ground for the purpose of subjecting the property seized to the payment of the plaintiff's claim. But the principal suit was one which could be prosecuted to judgment if the defendants could be personally served with process, whatever might become of the attachment, and its maintenance in the Circuit Court did not depend upon the continuity of the attachment proceedings, and its progress there would be subject to the same contingencies as any other case removed from the state court before service of process on the defendant.

The Circuit Court held that the case was properly removed, but held that its summons was void, which was equivalent to saying that, though it had acquired jurisdiction of the cause, it could take no steps to acquire jurisdiction of the defendants, or, again, that the defendants had defeated the action by removing it. The cause was pending in the Circuit Court at the time when that court issued its summons and when it was served. It is true, a motion to dissolve the attachment had been made while the cause was pending in the state court, and was still pending in the Circuit Court at the time the summons was served. But notwithstanding this, the court then had power to get jurisdiction of the defendants, if it could, and the subsequent dissolution of the attachment could not defeat the complete jurisdiction of the principal suit thus acquired. When the cause was removed, the court was bound to proceed. What was it to do? The act of Congress declares that "it shall then proceed in the same manner as if it had been brought there by original process." The first step must be to give notice to the parties. Ordinarily the notice to be given might perhaps be by

publication. But as she had then come into the jurisdiction, actual service could be had. And we think it cannot be doubted that the Circuit Court had power to issue the summons. Dillon on Removals, by Black, p. 337; Fallis v. McArthur, 1 Bond, 100, Fed. Cas. No. 4,627; Washington R. Co. v. Cœur D'Alene Ry. Co., 15 U. S. App. 359, 364, 60 Fed. 981, 984, 9 C. C. A. 303.

She could not object that actual, instead of constructive, service was made. The mere fact that she had become a citizen of Ohio was of no consequence, and the case is not different from what it would have been if she had been on a temporary visit, or happened to be passing through the Northern District of Ohio. The issue made by the first paragraph of her answer in respect to her citizenship on June 6, 1903, which the court directed to be separately tried, was wholly immaterial, and its determination one way or the other was of no consequence. Her citizenship at the time when the suit was brought and when it was removed was material. But the time for the application of that test had long since passed, and no change of her citizenship subsequent to the removal would disturb the jurisdiction. Morgan v. Morgan, 2 Wheat. 290, 4 L. Ed. 242; Kirby v. American Soda Fountain Co., 194 U. S. 141, 24 Sup. Ct. 619, 48 L. Ed. 911.

There is nothing in the complaint made by the plaintiff in error that the court erred in submitting this issue separately to the jury. If it had been a material issue, the course to be pursued was a matter resting in the court's discretion. Toledo Traction Co. v. Cameron (decided at the April session of this court) 137 Fed. 48; Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L. Ed. 682.

But for the reasons stated, we think the court was in error in thinking it had lost jurisdiction upon the dissolution of the attachment, and are of opinion that it had authority to proceed with the principal suit by virtue of the jurisdiction over the defendant Mrs. Moore by personal service of process.

But there is another ground on which we reach the same conclusion. The jurisdiction of the court, in the circumstances stated, existed by law. It had attached to the cause of action set forth in the plaintiff's petition upon the removal from the state court. All that was necessary to complete the conditions upon which it could proceed to judgment was the service of process upon, or the voluntary appearance of, the defendant. When the summons of June 6, 1903, was served upon her, she appeared specially and moved to set it aside. Later on, by leave of the court, she withdrew this motion and obtained time to answer. Suppose that, having obtained this leave, she had not answered; could there be any doubt that the court could have entered her default and given judgment? In her answer she joined with her defense in respect to the validity of the service of the summons her defenses to the merits of the claim alleged in the plaintiff's petition. We think that this, even if this defense had been still open to her, amounted to a waiver of the manner in which she had been brought in, and a submission to the jurisdiction of the court. Filing a plea to the merits before a judgment on the plea to the jurisdiction of the person has been obtained

is a waiver of the latter.   St. Louis & S. F. Ry. Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; 3 Cyc. 511.

The judgment will be reversed, with costs, and the cause remanded, with directions to proceed to try the cause upon the issues joined on the second and third defenses presented by the answer of the defendant Moore.