## FRIEDMAN BROS. & SONS NECKWEAR CO., Inc., v. GREANEY.

(District Court, S. D. New York. December 7, 1923.)

**Removal of causes ⊚⇒115—In action commenced in state court by attachment and removed to federal court, defendant may be brought in by order of publication.**

Under Rev. St. § 914 (Comp. St. § 1537), and Judicial Code, §§ 36, 38 (Comp. St. §§ 1018, 1020), making the state practice applicable to attachments commenced in the state court, on removal of cause to a federal court, it is permissible in an action commenced in a state court by attachment and removed to a federal court, whether necessary or not, to bring in a defendant by order of publication as against a contention that an order of publication would be void as the commencement of a suit by attachment.

At Law. Action by the Friedman Bros. & Sons Neckwear Company, Inc., a New York corporation, against Thomas E. Greaney, a citizen of Massachusetts. On motion by defendant, appearing specially, to vacate an order of publication of the District Court for the Southern District of New York after attachment in the state court and removal. The plaintiff moves for a remand if the motion is granted. Motions denied.

Milton Dammann, of New York City, for plaintiff.
Mock & Blum, of New York City, for defendant.

LEARNED HAND, District Judge. The defendant's argument may be most strongly presented as follows: It is true that section 36 of the Judicial Code (Comp. St. § 1018) preserves all attachments made before removal in removed cases, and that section 38 (Comp. St. § 1020) provides that the District Court shall proceed as if the suit had been commenced in the District Court. It is also true that under Revised Statutes, § 914 (Comp. St. § 1537), an action at law commenced in the District Court would follow the state practice. However, it is settled that although, under Revised Statutes, § 915 (Comp. St. § 1539), attachments in accordance with the state law are permissible in an action once commenced by personal service in the District Court, an action cannot be commenced here by attachment. Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093, is still the law. Big Vein Coal Co. v. Read, 229 U. S. 31, 33 Sup. Ct. 694, 57 L. Ed. 1053. Therefore, had the action been brought here originally, the order of publication would not have been authorized under Revised Statutes, §§ 914, 915, because the attachment would not itself have been authorized. Hence there is no warrant for such an order in section 38 which only incorporates Revised Statutes, §§ 914, 915, into the practice for removed cases.

Perhaps this reasoning makes unnecessary any order of publication at all, but it cannot invalidate the attachment, because it is clear that section 36 means it to be preserved. The attachment is the levy under process, and that must be preserved, though subsequent proceedings required by the state practice may not be possible. If the defendant would chop logic, I may insist that he chop through to the end. If section 38 does not extend to this court so much of the state practice

as authorizes the order, it does not extend that part which makes the attachment void without it. The defendant must take the bitter with the sweet.

In fact, probably the order is not necessary. Clark v. Wells, 203 U. S. 164, 27 Sup. Ct. 43, 51 L. Ed. 138. In that case there had been such an order, issuing out of the federal court, with service outside the state following upon it. Justice Day said the order was unnecessary, because the defendant had had notice of the attachment. Apparently notice alone would have served, perhaps because the state practice does not apply, though there is no indication that this was for any such reason as is put forward in the case at bar. At any rate that case rules here so far as the validity of the attachment goes.

While this motion is not to vacate the attachment, but only the order, as a preliminary step, the two are really involved together. Confining myself strictly to this motion, I hold that, regardless of whether the order is necessary, strictissimi juris, it is a convenient form of notice; that it is therefore covered by section 38, which incorporates Revised Statutes, § 914, for removed cases, because, as practice, it conforms to the state practice "as near as may be."

The motion is therefore denied.

The plaintiff's motion is also denied.