# SUPERIOR COURT OF BALTIMORE CITY.

Filed November 10, 1924.

THE MIDDLEBRANCH R E A L T Y CO., A CORPORATION DULY INCORPORATED UNDER THE LAWS OF THE STATE OF MARYLAND, PLAINTIFF,

VS.

ISHAM HENDERSON, DEFENDANT.

*Janney, Ober, Slingluff & Williams* for plaintiff.

*Bartlett, Poe & Claggett* for defendant.

SOLTER, J.—

This is a petition for the removal of an attachment and short note case from this Court to the Federal Court. The application is resisted by the plaintiff upon the ground that it has not been made in time under the United States statutes authorizing such removals. The rule is that the defendant must make and file his petition for removal in the State Court at or before the time he is required by the laws of the State or the rules of the Court in which the suit is brought, to answer or plead to the declaration or complaint of the plaintiff. It has always been held that this means before the time the defendant is required to make any defense whatever in the State Court; so that if the case is removed, the validity of any or all defenses may be tried and determined in the Federal tribunal. It therefore does not mean the time the defendant is required to plead to the merits, but if an earlier time is fixed for filing pleas in abatement or limitations than the time fixed for pleadings to the merits, the earlier

time controls the time for filing the petition for removal. See Rose, Federal Jurisdiction and Procedure, Secs. 402-3.

The condition of this attachment and short note case is that judgment of condemnation nisi has been entered in the attachment case, and the time for appearing to the short note case has not yet arrived. This particular attachment is one against a non-resident defendant for unliquidated damages, and under it, personal property alleged to belong to the defendant has been seized. There have been therefore two cases docketed as a result of the attachment. the short note case and the attachment case, the defendant in the short note case being the defendant in the attachment case.

Under the law of Maryland the first pleading in the attachment case is the motion to quash. This motion may be based upon any one or all of several reasons, usually going to errors or insufficiencies apparent upon the face of the proceedings. If this motion prevails there is an end to the proceedings. If no motion to quash is made or no other proceedings are taken by the defendant, the garnishee, or someone in behalf of the defendant, within thirty days after the return day of the Court, a judgment of condemnation, by default, is had in the attachment case, and judgment of condemnation nisi is entered. If the attachment is in the nature of a garnishment proceeding, further proof is necessary before an absolute judgment can be had; if, however, the attachment has been levied upon specific property, the judgment nisi becomes absolute by the lapse of the term. Western Bank vs. Union Bank, 91 Md. 623.

While this judgment of condemnation, by default, will be had, and a later final judgment, if the defendant fails to take steps to prevent them, the law is very liberal with reference to motions to quash made after the judgments have been entered. It is said that the motion to quash is jurisdictional and may be made at any time before final judgment in the short note case, and may be raised for the first time on appeal. Coward vs. Dillinger, 56 Md. 61; Mears vs. Adreon, 31 Md. 235, and a motion to quash may be made by a garnishee even after confession of assets. Cromwell vs. Royal Insurance Co., 49 Md. 379.

It is contended in this case by the plaintiff that because the defendant or someone in his behalf has not appeared for the purpose of quashing the attachment, and the judgment of condemnation nisi has been entered, there can be no removal of the attachment proceeding, and that as the short note case is the supporting case for the attachment, and the attachment case can have no independent existence without the short note case, that as the attachment case cannot therefore be removed, the short note case must remain in the State Court for final adjudication.

Because of this contention it has been necessary to thus state the effect of the judgment condemnation nisi. It is admitted that the defendant in the short note case has his year and one day within which to appear "to the original action and make it appear that the claim of the said plaintiff, or some part thereof, is not due to the said plaintiff." The defendant is not required to make any defense whatever, before this period prescribed in Section 12 of Article 9, (it being conceded for the purpose of this case that the Act of 1924 limiting the time to six months is not applicable to this case, the defendant's six months having already expired previous to the passage of the act).

The authorities are unanimous that where an attachment case is removed from a State Court to a Federal Court. the latter takes the case in the condition in which it stood at the time of removal, and a lien obtained by attachment in the State Court is not terminated or lost by the removal. Hatcher vs. Hendrie, 133 Fed. 267; Lebensberger vs. Scofield, 139 Fed. 380; Friedman vs. Israel, 26 Fed. 801; Blumberg vs. Shaw Co., 131 Fed. 608; Martin vs. N. Y., N. H. R. R., 11 How. Pr. 481.

Where the attachment is for the purpose of obtaining service and is properly proceeded with in the State Court, the removal confers jurisdiction upon the defendant in the Federal Court, and that Court may render a personal judgment against him to be satisfied from the proceeds of the attached property. Wells vs. Clark, 203 U. S. 164. In that case service was obtained by attachment and publication, and after the publication was continued in the Federal Court in the manner prescribed by

the Montana State statutes, the defendant moved to quash the service. This was denied as it would permit the defendant to oust the rightful jurisdiction of the State Court by removal, and then obtain a dismissal in the Federal Court for want of jurisdiction. The levy is preserved even though the subsequent proceedings under the State practice may not be possible. Friedman vs. Greany, 297 Fed. 478, decided Sept., 1923.

With reference to the duties of the defendant in the attachment and short note cases, it should be noted that technically he does not plead to the attachment case, not usually being a party thereto. Practically speaking, he is *always*, before the termination of the short note case, at liberty to move to have the attachment quashed and set aside upon appropriate grounds. If the judgment of condemnation has already been rendered, the defendant, before moving to quash the attachment should first move to have the judgment stricken out. He further has the right to dissolve the attachment by appearing and giving bond, in which event the attachment case will be disposed of and the bond stand in lieu of the property. Poe's Practice, Secs. 554-5-6.

From the aforegoing it will be seen that the removal of a cause should bring before the Federal Court all the proceedings. And as the judgment of condemnation nisi is always reviewable, if the Federal Court has this right, the spirit of the removal act limiting the right of removal to the earliest time for pleading so that the validity of any and all defenses may be tried and determined, is not impinged upon.

The case of Hoosier Veneer vs. Trust Guarantee Co., 283 Fed. 1, decided 1922, was one in which the validity of the attachment was inquired into after removal.

The judgment of condemnation nisi cannot be regarded as a judgment in the true and legal sense. The attachment issues without notice to the defendant; it decides no issue made up between the parties. It is more strictly an executory process designed for the purpose of bringing the debtor into Court in lieu of summons, and furnishing a ready means of executing upon any judgment obtained. In view of the fact that the condemnation nisi is obtained under our practice so speedily, the result of a decision adverse to the removal right would limit it in all attachment cases to the period between the issuing of the attachment and the entry of condemnation, whereas the obvious purpose of the attachment law is to give the absent defendant an entire year (now six months) within which to come into Court and defend the litigation. When the specified grounds for removal from the State to the Federal Court are taken into account, it becomes apparent that this removal right may be of great value to the defendant. To deprive him of this right merely because judgment by default has been taken against the property and credits attached, in a proceeding of which he has at the most merely constructive notice—which determines no issues between the plaintiff and defendant; which may be quashed at any time before final adjudication of the short note case; which may be reviewed by the Federal Court to which it may be removed, does not seem consonant with the spirit of either the attachment law or the removal statute.

The case nearest in point which I have been able to discover is Southern Pacific R. R. vs. Stewart, 88 Ga. 13. In this case there was an agreement in the attachment case that no bond would be necessary in order to dissolve the attachment, and there was an agreement by the defendant to abide by the judgment in the short note case. It was held that the right of removal is governed by the time the defendant has the right to plead, and it was held that the removal was proper.

Leave to remove granted.