## HARLAND v. UNITED LINES TEL. CO.

### (Circuit Court, D. Connecticut. November 14, 1889.)

FEDERAL COURTS—JURISDICTION—PROCEEDINGS IN REM.
    Although Act Cong. March 3, 1887, authorizes an original suit brought in the circuit court, where jurisdiction is founded on the fact of diverse citizenship solely, to be brought in the district of the residence of either plaintiff or defendant, and the statutes of Connecticut permit the attachment of the property, located in the state, of a non-resident defendant, without personal service on him, and in the absence of voluntary appearance, the subjection of such property to a judgment *in rem*, Rev. St. U. S. §§ 914, 915, authorizing the practice and modes of procedure in federal courts to be conformed to those of the respective states wherein such courts are held, and authorizing the same remedies by attachment as are provided by the laws of those states, do not give a United States circuit court sitting in Connecticut jurisdiction of proceedings *in rem* against the property of a non-resident defendant, who has not been personally served or appeared.

At Law. On demurrer to plea.
*Morris W. Seymour* and *Wm. G. Wilson*, for plaintiff.
*W. W. Hyde* and *Robt. G. Ingersoll*, for defendant.

SHIPMAN, J. The question at issue in this action at law arises upon the plaintiff's demurrer to the defendant's plea to the jurisdiction of the court. The complaint alleges that the plaintiff is a citizen of the state of Connecticut, and that the defendant is a corporation existing under the laws of the state of New York, and a citizen of said state, and carrying on business in the state of Connecticut, and having an office in Hartford, in said state. Section 910 of the General Statutes of Connecticut provides as follows:

"When the defendant is not a resident or inhabitant of this state, and has estate within the same which is attached, a copy of the process and declaration or complaint, with a return describing the estate attached, shall be left by the officer with the agent or attorney of the defendant in this state; and when land is attached a like copy shall be left in the office of the town-clerk of the town where the land lies, as in cases where the defendant belongs to this state; and, if the defendant has no agent or attorney within this state, a like copy shall be left with him who has charge or possession of the estate attached."

Section 908 of the same statutes provides that—

"In actions against towns, societies, communities, or corporations, the service of the process by the officer by leaving a true and attested copy of it, and of the accompanying declaration or complaint, with or at the usual place of abode of their clerk, or either of the selectmen or committee, or the secretary or cashier, or, in case of a private corporation having no secretary or cashier, at the principal place in this state where such corporation transacts its business, or exercises its corporate powers, shall be sufficient. When a corporation doing business in this state has no secretary or cashier resident in this state, service of process upon a resident director shall be good and effectual service."

The return of the marshal declares that he attached, as the property of the defendant, divers articles of personal property situated in the offices of the defendant in five towns of the state, viz., New Haven, Hartford, Meriden, Bridgeport, and the borough of Willimantic, in the town of Windham, and left true and attested copies of the writ, and of his indorsement thereon, with five named persons, who have "the charge and possession of said estate of the defendant so attached" at the several places before named; "the defendant not being a resident or inhabitant of this state, and not having any known agents or attorney in the same, and being absent therefrom." By chapter 9 of the Public Acts of Connecticut, which were passed in 1889, the fixtures of a telegraph company in this state can be attached in the same manner as real estate is attached in civil actions, by the officer's lodging in the office of the secretary of state a certificate that he has made such attachment. Under an order which was made after the foregoing service, and which permitted an additional attachment, the marshal attached the wires, posts, etc., of the defendants in this state, in the manner provided in said statute, and also left a copy of the writ, application, and order, and of his indorsement, "at the principal office of the defendant in this state, and also with its attorneys," who had entered a limited appearance in the case. The defendant pleaded to the jurisdiction, because, after alleging that it was and is a foreign corporation, "said writ was not otherwise served upon the defendant than by the officer's making a pretended attachment of certain personal property which the plaintiff claimed to be the property of the defendant, and leaving a copy of said writ and complaint with the agents in charge of certain offices of the Postal Telegraph Cable Company in the state of Connecticut, and with the secretary of the state of Connecticut, as will appear from the officer's return on said writ indorsed. No service of said writ and complaint was made, or attempted to be made, on any officer of said defendant company." The plaintiff demurred to the plea.

Under the admissions of the able counsel for the respective parties, but a single question arises upon the demurrer. The defendant admits that by the proper construction of the act of March 3, 1887, a foreign corporation defendant may be found within the district which is the residence of the plaintiff; and if so found, and duly served with process, it can, when the jurisdiction is based upon the fact of diverse citizenship, properly be sued in the district of the residence of the plaintiff. As-

suming that this construction, which has been sanctioned by a number of decisions of the circuit courts, is correct, the next question which would naturally be considered is whether any personal service was made upon the defendant. The plaintiff, in the last brief of his counsel, properly admits that up to the present time no such service has been made, and no such appearance has been entered by it, as would entitle the plaintiff to a judgment *in personam*, but contends that under the act of March 3, 1887, a judgment can properly be rendered against the defendant's property which is situated in this state, and was attached in this suit. His argument, briefly stated, is that whereas, the statute of Connecticut permits the attachment of the property, located in this state, of a non-resident defendant, without personal service upon him, and, in the absence of his voluntary appearance, the subjection of such property to a judgment *in rem;* and whereas, sections 914 and 915 of the Revised Statutes authorize the practice and modes of proceeding in the United States courts to be conformed to the modes of procedure in the respective states wherein such courts are held, and authorize the same remedies by attachment as are permitted by the statutes of said respective states; and whereas, by the act of March 3, 1887, when an original suit is brought in the circuit court, and jurisdiction is founded only on the fact of diverse citizenship, such suit can be brought either in the district of the residence of the plaintiff or the defendant,—the circuit court can obtain jurisdiction *in rem* by attachment of the property of a non-resident defendant, which is situated within the district of the plaintiff, without personal service. It will be readily admitted that the United States courts, which are created by statute, "can have no jurisdiction but such as the statute confers," (*Sheldon* v. *Sill*, 8 How. 441,) and that this doctrine has been asserted with great earnestness by the supreme court. It is furthermore evident that a state may subject property situated within its limits, which is owned by non-residents, to the payment of the demands of its own citizens, and that, when the non-resident cannot be personally served with process, the statutes of the state may authorize a constructive service, which shall be sufficient to subject the property to a proceeding *in rem;* but such proceedings must be authorized and derive their validity from the local statutes. *Pennoyer* v. *Neff*, 95 U. S. 714. Neither can it be denied that prior to the enactment of sections 914 and 915 there was no statute of the United States which gave authority to a circuit court, by original process, in an action at law, to seize the property of a non-resident defendant, and subject it to the demands of a resident plaintiff, without personal service upon the defendant, and, in the case of a corporation, upon such agents as may properly be deemed its representatives, or the voluntary appearance of the defendant in the suit. In the well-known case of *Toland* v. *Sprague*, 12 Pet. 300, the following proposition was announced, which has ever since been adhered to, (Curt. Jur. of U. S. Courts, 105,) and in *Ex parte Railway Co.*, 103 U. S. 794, was evidently regarded as axiomatic:

"(4) That the right to attach property, to compel the appearance of persons, can properly be used only in cases in which such persons are amena-

ble to the process of the court *in personam;* that is, where they are inhabitants, or found within the United States, and not where they are aliens, or citizens resident abroad, at the commencement of the suit, and have no inhabitancy here; and we add that, even in case of a person being amenable to process *in personam,* an attachment against his property cannot be issued against him, except as part of, or together with, process to be served upon his person."

In *Ex parte Railway Co.,* decided in 1880, Chief Justice WAITE said:

"It is conceded that the person against whom this suit was brought in the circuit court was an inhabitant of the state of Massachusetts, and was not found in, or served with process in, Iowa. Clearly, then, he was not suable in the circuit court of the district of Iowa, and, unless he could be sued, no attachment could issue from that court against his property. An attachment is but an incident to a suit, and, unless the suit can be maintained, the attachment must fall."

The attachment in that case was made in accordance with the statute of the state of Iowa in regard to attachments of the property of non-residents. But it is said, notwithstanding this decision was made after sections 914 and 915 were passed, that those sections confer upon the circuit courts jurisdiction *in rem* over attached property of non-residents which is situated within the limits of the state wherein the suit is brought. if the attachment is made in conformity with state laws. Section 914 assimilates the practice, forms, and modes of proceeding in civil causes, other than equity and admiralty causes, in the courts of the United States, to the practice, forms, and proceedings in the courts of record of the state within which such circuit or district courts are held. The statute is an act in regard to practice and procedure, and not in regard to jurisdiction. The question at issue in this case relates to the power of the court. Section 914 confers no new power or authority upon the circuit court. In *Butler* v. *Young,* 1 Flip. 276, the distinction which is to be observed, in the construction of this section, between power which is conferred and practice which is to be observed, is clearly pointed out. The court says:

"Care and caution will be used that substantive rights given by the state laws shall not be confounded with what is mere practice in the state courts. In this connection, I may mention, among other matters, the right to bring an absent or non-resident defendant into court by publication, or the right to a second trial, which are not matters of mere practice, but are substantial rights conferred by the statute of the state, and, in my opinion, were not contemplated by congress, by the law in question, to be given to parties in this court." *Wear* v. *Mayer,* 6 Fed. Rep. 660; *Lyons* v. *Bank,* 19 Blatchf. 279, 8 Fed. Rep. 369; *Insurance Co.* v. *Bangs,* 103 U. S. 435.

Section 915 entitles plaintiff, in common-law causes in the courts of the United States, to similar remedies by attachment against the property of the defendant which are provided by the law of the state in which such court is held for its courts. It empowers the United States court to adopt the remedies by attachment or other process, and relates to methods and forms. It does not create jurisdiction over property without personal service upon the defendant. As succinctly stated by Mr. Justice MILLER in *Nazro* v. *Cragin,* 3 Dill. 474:

"The effect of this section in the act of 1872 is simply this: If the court has or can acquire jurisdiction over the defendant personally, this section gives to the plaintiff the right to the auxiliary remedy by attachment, but it does not afford a means of acquiring jurisdiction." *Chittenden* v. *Darden,* 2 Woods, 437.

Stress is laid by the plaintiff upon the general doctrines which are announced in *Cooper* v. *Reynolds,* 10 Wall. 308, *Pennoyer* v. *Neff,* 95 U. S. 714, and in *Freeman* v. *Alderson,* 119 U. S. 185, 7 Sup. Ct. Rep. 165, in regard to the power of the state over the property of non-residents within its limits, and the jurisdiction which a court acquires over such property by seizure. In these cases, the supreme court was considering the power which the state has over the property, within its limits, of non-residents, and which state courts obtained by state statutes over attached property ; and the opinions are very far from intimating either that the courts of the United States, in common-law causes, have an authority over the property of a defendant which is not conferred by statute, or that the existing statutes confer a right to seize property, in an action at common law, and subject it to execution, unless in a suit where personal service has been made upon the defendant. The statute of March 3, 1887, introduced no new principle which obviated the necessity of personal service. It provided that suit, when jurisdiction is founded upon diverse citizenship, must be brought in the district either of the residence of the plaintiff or of the defendant ; and it omitted the provision that the defendant could be sued in any district in which he should be found at the time of serving the writ; but it by no means intended to discard the long-established doctrine that the defendant must be legally found and served in the district in which he is sued. The conclusions in *Toland* v. *Sprague, supra,* in regard to the scope of the federal statutes which existed at the time of that decision, are still applicable.

It is not necessary, at the present time, to discuss whether there was service upon agents who properly represent the defendant. The demurrer admits, for the purposes of pleading, how the writ was served, and the plaintiff does not now ask that it may be considered as anything else than a service by attachment. The demurrer is overruled.