# BIG VEIN COAL COMPANY OF WEST VIRGINIA *v.* READ.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF WEST VIRGINIA.

No. 501. Argued April 11, 1913.—Decided May 26, 1913.

A Circuit Court of the United States has no jurisdiction to issue an order of attachment in a case where no personal service can be had upon the defendant and where there has been no personal appearance in the action.

Neither under § 915, Rev. Stat., nor under any provision of the act of March 3, 1887, as amended August 13, 1888, can the auxiliary remedy by attachment be had in a Circuit Court of the United States where that court cannot obtain jurisdiction over the defendant personally.

An attachment is still but an incident to a suit and unless jurisdiction can be obtained over the defendant, his estate cannot be attached in a Federal court.

This court will not construe an amendment to the judiciary statute as making such a radical change as granting a new remedy unless provision is clearly made for making the remedy effective; and so *held*, that as Congress did not in the act of March 3, 1887, as amended August 13, 1888, make any provision for service by publication, the act will not be construed as giving jurisdiction to Federal courts to grant attachments in cases where the defendant cannot be served.

In the Federal courts an appearance may be made for the sole purpose of raising jurisdictional questions without thereby submitting to the jurisdiction of the court over the action; and where, as in this case, no issue involving the merits was made, a special appearance to object to the jurisdiction does not give the court jurisdiction to issue an attachment.

THE facts, which involve the jurisdiction of a Circuit Court of the United States to issue an order of attachment in a case where no personal service could be had upon the defendant and wherein there was no personal appearance to the action, are stated in the opinion.

*Mr. Frank Gosnell* and *Mr. Wm. L. Rawls*, with whom *Mr. Geo. Weems Williams* was on the brief, for defendant in error, in support of motion to dismiss.

*Mr. Osborne I. Yellott* for plaintiff in error in opposition thereto.

MR. JUSTICE DAY delivered the opinion of the court.

This case involves the jurisdiction of a Circuit Court of the United States to issue an order of attachment in a case where no personal service could be had upon the defendant and wherein there was no personal appearance to the action.

The case was begun in the Circuit Court of the United

States for the Northern District of West Virginia to recover in debt upon certain promissory notes. A summons was issued against the defendant, Benjamin H. Read, trading as Lynah & Read, and return was made by the marshal that the writ had not been served, as defendant was not found in his district. Thereafter an affidavit was filed for an attachment, setting forth that the defendant was one of the receivers of the Circuit Court of the United States for the Northern District of West Virginia of the property of The Oakland Coal & Coke Company and that there had been allowed to him for his services as such receiver the sum of two thousand dollars. An order of attachment was issued, and the return of the marshal stated that he had been unable to locate any property in his district upon which to serve the attachment and accordingly returned the writ, "no property found." Afterwards an order was made which, after reciting the beginning of the suit and that the defendant was a nonresident of West Virginia; that the special master had found the sum of two thousand dollars due him as such receiver, and that an order of attachment had been issued and placed in the hands of the marshal for the purpose of attaching the estate of the defendant, provided that a copy of the order be served upon the defendant, that he appear before the court and that a copy of the order served upon the defendant and one Slingluff, special receivers in a suit entitled *The Baltimore Trust & Guaranty Company* v. *The Oakland Coal & Coke Company*, should be notice to them of the proceedings and that the claim of the defendant was sought to be attached therein.

A copy of the order was served upon the defendant in Baltimore, Maryland, who thereafter appeared by his counsel for the purpose only of objecting to the jurisdiction of the court and moved the court to dismiss the suit and quash the attachment upon the following grounds:

"First. The record shows that this defendant is not a

citizen of or resident in, nor found within the Northern District of West Virginia.

"Second. The record shows that the defendant has no property whatever within the said State or District.

"Third. That this court has no jurisdiction *in rem* or *in personam* in said action.

"Fourth. That at the time of the suing out of the writs of summons and of attachment herein on the 26th day of June, 1911, this defendant was not a citizen or resident or found within West Virginia, and he had no property in said State or District, and at no time since has this defendant been such citizen or resident, or had any property within the said District, although the return day of the said writs has long since passed and the defendant makes the said writs and the returns thereon by the Marshal for the Northern District of West Virginia a part of this motion.

"Fifth. The fund or compensation ordered by this Honorable Court to be paid to the defendant for services as Receiver was not, at the time of the issuance of said writs or at any time since then, liable to be attached upon the alleged indebtedness of the plaintiff or for the payment thereof, in this Honorable Court.

"Sixth. This Honorable Court has no jurisdiction either of property or person giving jurisdiction for the maintenance of the said action."

Thereafter the case coming on to be heard, counsel appearing for the defendant for the purpose of objecting to the jurisdiction and for the purpose of the motions filed only and further moving the court to vacate and set aside the orders issued and to quash the service of summons in the action and to dismiss the case, certain facts were found, without prejudice to any motion of the defendant and without enlarging the appearance of the defendant, as follows:

"Messrs. Read and Slingluff were appointed Receivers in the cause of the *Baltimore Trust & Guarantee Company*

v. *The Oakland Coal & Coke Company of West Virginia,* a cause pending in the United States Circuit Court for the Northern District of West Virginia, by an order in said cause passed on the twelfth day of June, 1907, and the receivership estate being ready for distribution on June 20, 1910, this Court passed a decree referring the cause to Special Master C. D. Merrick, with directions among other things to make a report 'including costs and allowances and fees to the end that a full and complete decree might be made for the distribution and settlement of the estate.'

"On May 15th, 1911, the Special Master filed such report. Among other allowances were the following:

"'That Benjamin H. Read, for his services as Receiver, is entitled to and should be allowed the sum of Two Thousand Dollars.'

"That no objection had been taken or exceptions made to the above allowance at the time the attachment was laid in this cause.

"That in July, 1911, this court passed an order ratifying the report of the Master as to the above and similar allowances, but directed that the allowance of $2,000 commissions to B. H. Read be retained by the Receivers pending the determination of the questions arising out of such attachment."

Afterwards the court delivered an opinion in which the judge directed that the former order, amounting to an attachment, should be set aside and held that, inasmuch as personal service upon the defendant in the action might yet be obtained by alias summons, he would not then dismiss the action. Later the plaintiff refused to direct the issuance of alias summons, and upon motion judgment was entered dismissing the action, and a certificate was made by the court.

The certificate states that the judgment complained of in plaintiff's writ of error, which was set out, is based solely upon the ground that the court had no jurisdiction as a

Federal court to grant relief to the plaintiff by subjecting to the claim of the plaintiff the assets and credits of the defendant, to be attached in the case, without personal service of summons upon him or his voluntary appearance in the cause, and that the motion filed in the case did not constitute a voluntary appearance, and that the court, as a Federal court, had no jurisdiction to grant a personal judgment against the defendant or to make a final judgment or order subjecting to the claim of the plaintiff the assets and credits of the defendant so sought to be attached.

The attachment was sought to be levied and was claimed to be authorized under the act of June 1, 1872, 17 Stat. 196, c. 255, now § 915 of the Revised Statutes. It is as follows:

"In common law causes in the circuit and district courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the State in which such court is held for the courts thereof; and such circuit or district courts may, from time to time, by general rules, adopt such State laws as may be in force in the States where they are held in relation to attachments and other process: Provided, That similar preliminary affidavits or proofs, and similar security, as required by such State laws, shall be first furnished by the party seeking such attachment or other remedy."

Assuming that the attachment could be issued under the laws of West Virginia, under this statute was there authority in the courts of the United States to issue the attachment, it appearing that no service had been or could be made upon the defendant and that he had not appeared in the action?

Section 915 was before this court in *Ex parte Railway Company*, 103 U. S. 794, and it was held that as, under § 739 of the Revised Statutes, Act of March 3, 1875, 18

Stat. 470, c. 137, then in force, no civil action, not local in its nature, could be brought against any one by original process in any United States Circuit Court other than that for the State of which he was an inhabitant or in which he was found at the time of serving the writ, an attachment could not be issued, the defendant being a nonresident and not having been served with process. It was further held that an attachment was but an incident to a suit and unless the suit could be maintained the attachment must fall. In other words, in cases where the defendant could not be sued and jurisdiction acquired over him personally, the auxiliary remedy by attachment could not be had, as attachment was not a means of acquiring jurisdiction. The same view was taken in *Nazro* v. *Cragin,* 3 Dillon, 474, by Mr. Justice Miller, on the circuit. *Ex parte Railway Company, supra,* was but an affirmance, as to the right of attachment where no personal service could be had, of the former case of *Toland* v. *Sprague,* 12 Peters, 300, wherein it was held that a person was not amenable to attachment against his property except where process could be served upon his person.

It is contended, however, that since the act of March 3, 1887, 24 Stat. 552, c. 373, as amended August 13, 1888, 25 Stat. 433, c. 866, the right of attachment should be held to exist in cases like the present. The statute of 1888 provides:

"And no civil suit shall be brought before either of said courts against any person, by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plantiff or the defendant."

The argument is that the right to issue an attachment under the act of 1872 should obtain, since the law now permits suit in the district of the residence either of the

plaintiff or defendant, omitting the provision of the act
of 1875 that the defendant could be sued only in the dis-
trict in which he was an inhabitant or could be found at
the time of commencing the proceeding.  But we are of
the opinion that this amendment to the statute was not
intended to do away with the settled rule that, in order
to issue an attachment, the defendant must be subject
to personal service or voluntarily appear in the action.
If Congress had intended any such radical change, it
would have been easy to have made provision for that
purpose, and doubtless a method of service by publication
in such cases would have been provided.  We think the
rule has not been changed; that an attachment is still
but an incident to a suit, and that, unless jurisdiction can
be obtained over the defendant, his estate cannot be
attached in a Federal court.  See *Laborde* v. *Ubarri*, 214
U. S. 173; *United States* v. *Brooke*, 184 Fed. Rep. 341.

Another contention is that the defendant in appearing
for the purpose of the motion submitting to the court
the question of the right to attach his compensation as
receiver in the court, had voluntarily submitted to the
jurisdiction of the court, but we are of the opinion that
this contention is untenable.  It is the settled practice in
the Federal courts that an appearance may be made for
the sole purpose of raising jurisdictional questions, with-
out thereby submitting to the jurisdiction of the court
over the action.  *Goldey* v. *Morning News*, 156 U. S. 518;
*Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, 453.

It is true that where the defendant appears by motion
and objects to the jurisdiction and also submits a question
going to the merits of the action, it being one of which
the court had jurisdiction, there is a general appearance in
the case which gives jurisdiction, as in *St. Louis & S. F. R.
Co.* v. *McBride*, 141 U. S. 127, where a demurrer was in-
terposed raising two grounds of jurisdiction and the third
going to the merits of the cause of action, and it was held

that there had been a submission to the jurisdiction of the court. See also *Western Loan Co.* v. *Butte & Boston Min. Co.*, 210 U. S. 368.

In this case, however, the submission was not of any question involving the merits of the suit, but of one with reference to the jurisdiction of the court to issue the attachment, adding the further ground that the property in question was not subject to attachment or garnishment. No issue was made involving the merits of the action. This special appearance was sufficient to raise the question of jurisdiction only. *Davis* v. *C., C., C. & St. L. Ry.*, 217 U. S. 157.

In our opinion the Circuit Court did not err in holding that it had no jurisdiction to issue the attachment in this case.

*Judgment affirmed.*