### McDOWELL v. DAVIES et al.

Civ. A. No. 850.

United States District Court
E. D. Washington, N. D.
March 15, 1951.

Robert Weinstein, E. A. Cornelius, Spokane, Wash., for plaintiff.

Harvey Erickson, U. S. Atty., Frank R. Freeman, Asst. U. S. Atty., Spokane, Wash., for defendants.

DRIVER, Chief Judge.

A motion to dismiss a writ of garnishment questions the jurisdiction of the court in this case. It was instituted as an original action by the filing of a complaint on October 17, 1949, in which plaintiff seeks

302

to recover judgment against the defendants on two promissory notes in the principal amount of $3500. The complaint recites that the plaintiff is a resident of and domiciled in the eastern district of Washington and that the defendants are residents of and domiciled in the state of Idaho. Neither of the defendants has been served with summons and neither of them has voluntarily appeared in the action. With leave of court, a writ of garnishment was issued and served upon the clerk of the court for the purpose of subjecting to the satisfaction of any judgment which plaintiff may recover, the sum of $5,950 held in the registry of the court but adjudged, prior to garnishment, to be the property of defendant Dr. E. H. Teed.

■■ It is apparent from the foregoing recital, that the complaint shows diversity of citizenship of the parties and the requisite amount in controversy. This court, therefore, has jurisdiction of the subject matter of the action. 28 U.S.C.A. § 1332. Venue also, has been properly laid in the eastern district of Washington where plaintiff resides. 28 U.S.C.A. § 1391(a). Jurisdiction of the persons of defendants has not been secured, however, and it cannot be obtained by service of process in the manner provided by Rule 4(f) of the Rules of Civil Procedure, 28 U.S.C.A., since defendants reside outside of the state of Washington. The question presented then, is whether in the absence of jurisdiction of the person of defendant Teed, the court has jurisdiction to the extent of the monies in the registry of the court belonging to him which have been seized and held by garnishment.

■ As a general proposition the federal courts, in original actions as distinguished from actions instituted in and removed from the state courts, do not have quasi-in-rem jurisdiction such as may be assumed in attachment and garnishment proceedings.[1] A federal court cannot, therefore, make use of provisional remedies in the absence of voluntary personal appearance in the action unless personal service can be had upon the defendant.

Big Vein Coal Company v. Read, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1053. Plaintiff contends, however, that the prior law as declared in the cited case has been "abrogated" by Civil Rule 64, which, with qualifications not pertinent here, recites that "all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought," and that "The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action." The argument advanced is, that since by Washington State law a plaintiff may, in a state court action, by garnishment, secure a valid lien upon property of a nonresident defendant, the same thing may be accomplished in a federal court in Washington under Rule 64. And plaintiff proposes to serve upon defendant Teed, by personal service out of the state or by publication, an order to appear in accordance with the provisions of Sec. 1655 of Title 28 U.S.C.A., which deals with the enforcement of liens upon property within the district.

The only case which has been brought to my attention in which such a construction and application of Rule 64 was attempted is Davis v. Ensign-Bickford Company, 8 Cir., 139 F.2d 624. There in an original federal court action jurisdiction over the person of a nonresident defendant corporation, which could not be served with process within the state, was sought to be acquired by attachment and garnishment of property of the defendant within the state. The Court of Appeals affirmed the judgment vacating the writs of attachment and garnishment and dismissing the complaint for want of jurisdiction. The court rejected the contention that jurisdiction attached under Rule 64. That rule, the

1. See 3 Moore's Federal Practice, Sec. 64.02, p. 3311.

court reasoned, must be construed in the light of the provision of Rule 82 that "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." If not extended by Rule 64, the court pointed out, jurisdiction would not exist since under Big Vein Coal Company v. Read, supra, and other cases which the court cited, jurisdiction cannot be based solely upon attachment in an original federal court action without the acquisition of jurisdiction over the person of the defendant.

Plaintiff urges that Davis v. Ensign-Bickford Company should not be followed because it is not well reasoned. He argues that the statement in Rule 82 that the rules shall not be construed to extend or limit jurisdiction refers only to jurisdiction of the subject matter and does not apply to extension or limitation of jurisdiction over the person. As supporting authority Mississippi Publishing Corporation v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 246, 90 L. Ed. 185 there cited.

In the cited case the Supreme Court had under consideration Rule 4(f) which provides for service of process anywhere within the territorial limits of the state in which the district court is held. There a resident of the northern district of Mississippi brought an action against a foreign corporation which was served with process in the southern district of the state where it was resident or at least in effect was "present". The court sustained the validity of Rule 4(f) and held that defendant corporation had been properly subjected to the jurisdiction of the district court of the northern division. The court said that Rule 4(f) and Rule 82 must be construed together, and that so construing them it was evident that the Advisory Rules Committee had treated Rule 82 as referring to venue and jurisdiction of the subject matter "rather than the means of bringing the defendant before the court already having venue and jurisdiction of the subject

matter." The court also said that in ascertaining the meaning of the federal rules the construction given them by the Advisory Committee is of weight and that as explained by authorized committee spokesmen in the Washington, New York and Cleveland Institutes, held in 1938, Rule 4(f) was designed to permit service of process anywhere within a state in which the district court issuing the process is held and where the state embraces two or more districts without affecting jurisdiction or venue of the court as fixed by statute.

In so far as I need consider it here, Mississippi Publishing Corporation v. Murphree, I think, means only that I should consider together Rule 64 and Rule 82 and if so considered it appears that the former has the effect of extending the means of acquiring jurisdiction over the person of the defendant it would not on that account be held inoperative or invalid. But that does not mean that I *must* construe Rule 64 as extending jurisdiction over the person in garnishment proceedings in the manner claimed by the plaintiff. The meaning of the rule remains an open problem and since the meaning is not clearly expressed by the language of the rule I shall resort to the same method of solving the problem as that employed by the Supreme Court in the *Mississippi Publishing Corporation* case, namely, consideration of the construction placed upon the rule by the Advisory Rules Committee. Such construction is stated in the notes of the committee on Rule 64 [2] as follows: "This rule adopts the existing federal law, except that it specifies the applicable state law to be that of the time when the remedy is sought. Under U.S.C. A., Title 28, former § 726 (Attachments as provided by state laws) the plaintiff was entitled to remedies by attachment or other process which were on June 1, 1872, provided by the applicable state law, and the district courts might, from time to time, by general rules, adopt such state laws as might be in force." [3]

2. Fed.Rules Civ.Proc. rule 64, 28 U.S. C.A.

3. To the same effect see statement of Committee member Mr. Robert G. Dodge, Cleveland Institute on the Federal Rules 335.

It is well to bear in mind that the "existing law" to which the Advisory Committee note refers is the same law which the Supreme Court had under consideration in Big Vein Coal Company v. Read, supra.[4] It provided that in common-law causes, the procedure as to "attachment or other process" in the federal courts should conform to the state practice. The conformity thus required, however, was a static conformity, that is to say the state practice as it existed on June 1, 1872 had to be followed by the federal court except as to such state laws as may have been adopted from time to time by the circuit or district courts in their general rules. The only change which Rule 64 made in the prior law as construed by the Supreme Court in the Big Vein Coal Company case was to transform the static conformity to a fluid, continuing conformity by providing that the federal courts should follow the state law "existing at the time the remedy is sought." [5]

In the instant case it is my conclusion that since the court does not have and cannot obtain jurisdiction of the person of defendant Teed by service of process upon him in the state of Washington, such jurisdiction may not be acquired by garnishment of his funds in the registry of the court.

The conclusion which I have reached makes it unnecessary for me to consider whether funds in the registry of the federal court are subject to garnishment or the question whether the construction of Rule 64 contended for by plaintiff, would not invalidate it as affecting substantive rights in violation of the provision of the rules enabling act that the civil rules "shall neither abridge, enlarge, nor modify the substantive rights of any litigant." [6]

The motion to dismiss the writ of garnishment will be granted. The complaint also will be dismissed for lack of jurisdiction.

4. Act of June 1, 1872, c. 255, Sec. 6, 17 Stat. 197, R.S. Sec. 915.

5. See also 3 Moore's Federal Practice 3308 and Moore's Federal Rules 1949, comment following Rule 64, pp. 1184, 1185.

6. Act of June 19, 1934, c. 651, Secs. 1, 2, 48 Stat. 1064, 28 U.S.C.A. § 2072.