ROSENTHAL v. FRANKFORT DIS-
TILLERS CORP.

ROSENTHAL v. GLAZER'S WHOLE-
SALE DRUG CO., Inc.

Nos. 13347, 13348.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1951.

Neth L. Leachman, John L. Hauer, Dallas, Tex., for appellant.

J. Manuel Hoppenstein, Dallas, Tex., for Glazer's Wholesale Drug Co.

Robert E. Keeton, Houston, Tex., for Frankfort Distillers Corp.

Before JOSEPH C. HUTCHESON, Chief Judge, and HOLMES, and STRUM, Circuit Judges.

JOSEPH C. HUTCHESON, Chief Judge.

These appeals are from orders dismissing, not on the merits but for want of jurisdiction of the person of defendants: (1) a suit for breach of contract; and (2) a garnishment sued out as ancillary thereto.

The questions presented for decision come up in this way. Alleging that defendants, appellee Frankfort Distillers Corporation and another, were foreign corporations with a permit to do business in Texas, appellant, plaintiff below, sued them in the state court for breach of a contract. Citation issued on the complaint to Dallas County, and on February 13th, a return [1] thereon was filed.

1. "Came to hand on the 9th day of February, 1950, at —— o'clock P. M. Executed at Dallas, within the County of Dallas at 9:4— o'clock—M., on the 13th day of February, 1950, by delivering to the within named Frankfort Distillers, Inc., a corporation, a private corporation by delivering to M. V. Lacy its district manager and returned unexecuted on this the 13th day of February A. D. 1950, as unable to locate the within named Distillers Distributing Corporation after diligent search and inquiring in Dallas County, Texas, each, in person a true copy of this citation together with the accompanying copy of this petition, having first indorsed on same the date of delivery."

On March 3rd, defendants removed the case to the District Court of the United States for the Northern District of Texas, and, on the same date, filed therein a motion with supporting affidavits to quash the citation and service and to dismiss the suit for want of jurisdiction of the person of the defendants.

Plaintiff filing an affidavit in opposition to the motion, evidence was taken, and the court, of the opinion on the pleadings, the affidavits, and the evidence[2] that the motion should be sustained, quashed and set aside the citation and service. No citation was sued out of the federal court and no attempt made to serve any process issued thereout, but, as set out below, plaintiff, as a substitute for personal service, attempted to secure a *quasi in rem* jurisdic-

---

2. These are the facts in substance, as testified to by M. V. Lacy:

"Frankfort Distillers Corporation, maintains an office in Dallas, Texas, in the Reserve Loan Life Building and employs two stenographers. In addition it employs five field representatives. All of these employees and I are paid salaries which are remitted to us by the New York offices of Frankfort. Frankfort maintains no bank accounts in Texas. The function of the field representatives and myself in Texas is to stimulate good will principally among liquor store dealers for the products which are sold by Frankfort Distillers Corporation to Texas wholesalers for ultimate distribution to retailers in Texas. We carry out this function by contacting liquor store owners, distributing literature concerning Frankfort's products, arranging for the installation of window displays in liquor stores and more favorable display of Frankfort's merchandise, and educating the representatives of the wholesaler who distributes Frankfort's products in Texas as to the merits of the products. Neither the field representatives nor I make sales on behalf of Frankfort Distillers Corporation. Frankfort sells its products to an independent wholesaler and makes no sales direct to retailers, since such transactions are prohibited by state law. The orders of the wholesaler are accepted by Frankfort Distillers Corporation in New York if the Court Department of the Company in New York after checking an order approves the credit of the wholesaler. The shipments made under these orders originate in Kentucky.

Neither I nor the field representatives have anything to do with the collection of the wholesaler's account. Payments to Frankfort by the wholesaler are made by remittance to New York. Frankfort does not carry a stock of merchandise in Texas."

Other facts are:

At the time of the service of citation, Mr. M. V. Lacy was employed by Frankfort Distillers Corporation as District Manager for the State of Texas and had been so employed since June 1, 1948. He had a Manufacturer's Agent's Permit under which he was agent for Frankfort Distillers Corporation. This permit was procured for him by Frankfort Distillers Corporation which filed an affidavit stating that Lacy was its agent and put up a bond, which it paid for, in order to obtain such permit. As to this permit, Mr. Joseph Friel, Secretary of Frankfort, testified: "Frankfort Distillers Corporation has no permit to import its products into Texas, which I understand would be required if it should import its products into Texas. It maintains no bank account in Texas that might be used for transacting business there, and, as already stated, it is neither authorized to nor does it transact any business in Texas. Frankfort Distillers Corporation has merely complied with the provisions of the Texas Liquor Control Act, concerning the right of foreign distilling corporations to sell or solicit or to take orders for the sale of liquor to the holders of permits authorizing the importation of liquor into Texas, by procuring a 'Non-Resident Seller's Permit' and 'Manufacturer's Agents Permits'. It has taken no steps to comply with the statutes of Texas concerning authorization of a foreign corporation to do business in Texas."

Lacy had been a resident of Texas for 47 years. He employs the people who work under him for Frankfort and he also employs the Dallas Window Display Service to install window displays for Frankfort. Lacy gives the Texas wholesale distributor of Frankfort's products a monthly quota to make and Mr. Lacy himself has a quota to make which is given him by Frankfort's New York Division office.

tion[3] by suing out a distringas and a garnishment.

On June 8th, the defendants moved[4] to dismiss the cause for want of jurisdiction. At or about the same time Glazer filed its motion to quash the garnishment for want of jurisdiction. Subject to said motion, it acknowledged an indebtedness to Frankfort Distillers, and prayed that it be dismissed with an attorneys' fee of $750.00. At the same time, the defendants in cause No. 3910 filed their motion to quash for lack of jurisdiction.

These motions coming on to be heard on June 12th, the writ of garnishment was quashed, the garnishee was dismissed with its costs, including $150.00 attorneys' fees, and cause No. 3910 was also dismissed.

Appealing, as to Frankfort Distillers, from the orders entered in cause No. 3910, and, as to Glazer's Drug Co., from the orders entered in the garnishment suit, plaintiff is here insisting: (1) that Frankfort was doing business in Texas at the time of the service of citation out of the state court on its district manager, Lacy; (2) that the service on Lacy was effective service under the Texas statutes; (3) that

the garnishment writ properly issued out of the Federal court, under Erie v. Tompkins, because to deny its rightful issuance was to deprive plaintiff of a substantive right, the right to obtain jurisdiction *quasi in rem* since, if the suit had remained in the state court, such a writ could have issued; (4) that the writ of distringas was properly sued out; (5) that the garnishee, having become an advocate and made a defense in the garnishment proceeding, it was error to award it attorneys' fees.

The appellee, Frankfort, is here maintaining with vigor and earnestness that none of the points are well taken, while appellee, Glazer, as earnestly insists that the order in the garnishment suit was rightly entered.

■ Upon the primary question, whether Frankfort was doing business in Texas within the meaning of its statutes, as construed by its courts, so as to be present there for service, and the secondary one, whether if it was so in the state, service upon Lacy was sufficient, we think it clear that the evidence supports the findings of the district judge, and the applicable authorities[5] support his conclusion, that the

3. On April 11, he filed an application for writ of distringas for the alleged purpose of inducing defendant Frankfort to enter a general appearance in the cause. On April 12, the writ was issued by the clerk, but on the same day the court determined that the writ was improvidently issued and ordered the marshal to return it to the clerk and the same was returned unexecuted. On May 24, plaintiff sued out of cause No. 3910, a writ of garnishment on Glazer's Wholesale Drug Co., appellee in No. 13,348, alleging that defendants were indebted to plaintiff in the sum of $12,-763.10, and that the garnishee is indebted to, or had effects of, defendants in its hands. This was followed by the filing in cause No. 3910 of a first amended complaint reducing the amount sued for from $32,166.24 to $12,763.12, and the mailing of a copy of this complaint to the lawyers of defendants who had removed the cause and obtained the order quashing citations and service, and a notice under Rule 4, Rules of Civil Procedure, 28 U.S.C.A., which was served on the defendant Frankfort at its office in New York.

4. The motion recited: the quashing on March 9th of the process issued and served out of the state Court; that there had been no service of process attempted except to mail to defendants' counsel a copy of the pleading styled "Plaintiff's first amended original petition", the issuance of a writ of garnishment; and that since the defendant had not been personally served and had not entered a general appearance, the mailing of the amended petition was *unavailing.*

As to the garnishment, the motion pointed out that the proceedings were instituted at a time when the record shows that the court had no personal jurisdiction over either of the defendants, and no garnishment proceeding had been sued out in the state courts, and the garnishment proceeding was, therefore, invalid.

5. On doing business in Texas: John Dickson Pub. Co. v. Bryan, Tex.Com.App., 5 S.W.2d 980; Miller v. Goodman, 91 Tex. 41, 40 S.W. 718; McCaskey Register Co. v. Mann, Tex.Civ.App., 273 S. W. 1113; S. W. General Elec. Co. v. Nunn Elec. Co., Tex.Com.App., 283 S.W.

state court did not acquire jurisdiction of the person of defendant so as to support a judgment against it.

Appellant's insistence, that the later decisions [6] of the Supreme Court of the United States have made inapplicable the decisions cited and relied on by appellee and the district judge, misconceives the primary question at issue. This is not, as appellant seems to think, what permissible reach, within the federal constitution, that court would, under the facts, give to a construction by the state court of the Texas Statutes governing the doing of business in the state by, and the service of process upon, foreign corporations. It is what construction the Courts of Texas have actually given to the statutes.

As was well said in Pulson v. American Rolling Mill Co., 1 Cir., 170 F. 2d 193 at page 194: "There are two parts to the question whether a foreign corporation can be held subject to suit within a state. The first is a question of state law: has the state provided for bringing the foreign corporation into its courts under the circumstances of the case presented? There is nothing to compel a state to exercise jurisdiction over a foreign corporation unless it chooses to do so, and the extent to which it so chooses is a matter for the law of the state as made by its legislature. If the state has purported to exercise jurisdiction over the foreign corporation, then the question may arise whether such attempt violates the due process clause or the interstate commerce clause of the federal constitution. Const. art. 1, § 8, cl. 3; Amend. 14. This is a federal question and, of course, the state authorities are not controlling. But it is a question which is not reached for decision until

it is found that the State statute is broad enough to assert jurisdiction over the defendant in a particular situation." Cf. Employers' Liability v. Lejeune, 5 Cir., 189 F.2d 521.

When it comes to appellant's attempts to obtain in rem jurisdiction by suing out (1) a writ of distringas, and (2) a writ of garnishment, it is quite clear that appellant stands no better.

As to the distringas, the trial court, in his opinion, holding that the writ had improvidently issued, pointed out with brevity, clarity and correctness, the nature of the writ and why its attempted use in this case, to supply a jurisdiction which was lacking, was wholly unwarranted.

Appellee, in its brief, in further support, cites Commonwealth v. Lehigh Valley R. R., 165 Pa. 162, 30 A. 836, 27 L.R.A. 231; State v. Western N. C. Railroad, 89 N.C. 584; and Bouvier's Law Dictionary, 3rd Rev. Vol. 1, p. 897.

As to the garnishment, appellant concedes that under the rule of Big Vein Coal Co. v. Read, 229 U.S. 31,[7] 33 S.Ct. 694, 57 L.Ed. 1053 no in rem jurisdiction having been acquired in the state court, prior to removal to the federal court, that court could not acquire jurisdiction by the issuance of a garnishment. He contends, however, that generally, under Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and specifically under Rorick v. Devon Syndicate, 307 U.S. 299, 59 S.Ct. 877, 83 L.Ed. 1303, that rule is no longer of force and a federal court on removal has the same right the state court would have had, had the case remained there.

As appellee points out, the Court of Appeals for the Eighth Circuit, in a thorough-

781; Maury-Cole Co. v. Lockhart Grocery Co., Tex.Civ.App., 173 S.W. 262; Caddell v. J. R. Watkins Medical Co., Tex.Civ.App., 227 S.W. 226; Cf. Flowers v. Pan American Refining Corp., Tex. Civ.App., 154 S.W.2d 982; Manry v. Robinson, 122 Tex. 213, 56 S.W.2d 438. On Lacy's not being a proper agent for service: Art. 2031 Tex.Revised Civil Statutes, 1925, Vernon's Ann.Civ.St. art. 2031; Elliott v. Standard, etc. Co., Tex.

Civ.App., 173 S.W. 616; Western Cottage, etc., Co. v. Anderson, 97 Tex. 432, 79 S.W. 516; Sharpe & Dohme v. Waybourne, Tex.Civ.App., 74 S.W.2d 413.

6. International Shoe Co. v. State, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Travelers Health Ass'n v. Commonwealth, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154.

7. Cf. Davis v. Ensign-Bickford Co., 8 Cir., 139 F.2d 624.

ly considered and supported opinion, discussing Rorick v. Devon Syndicate, supra, correctly holds, as indeed that case had declared, that it was limited to the precise situation it deals with and does not extend, as appellant claims it does, to facts like those in the case at bar.

We are in no doubt, therefore, that the writ was properly quashed.

Of appellant's final point, the allowance of attorneys' fees, little need be said, except that the allowance was authorized by the express terms of the applicable statute Art. 4100 Revised Civil Statutes of Texas, Rule 677, Vernon's Texas Rules of Civil Procedure, and the authorities [8] construing same.

No error being made to appear, the orders appealed from are

Affirmed.

8. Sorenson v. City National Bank, 121 Tex. 478, 479, 49 S.W.2d 718; Maury v. McDonald, 55 Tex.Civ.App. 50, 118 S.W. 2d 812.