**HEARST v. HEARST.**
No. 33182.

United States District Court
N. D. California, S. D.
Jan. 11, 1954.

Isadore G. Alk and Joseph B. Friedman, Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty., Washington, D. C., for defendant.

Phillip Barnett, Rodney H. Robertson, San Francisco, Cal., for plaintiff.

McEnerney & Jacobs, Garrett McEnerney II, and E. John Kleines, San Francisco, Cal., for Hearst Publishing Co., Inc., and Hearst Corp.

GOODMAN, District Judge.

Plaintiff, a resident of California, brought a suit within this Court's diversity jurisdiction against defendant, a resident of New York, to recover a sum of money allegedly owing under a property settlement agreement. Upon the filing of the complaint on November 18, 1953, plaintiff caused the clerk of the court to issue, together with the summons, writs of attachment, pursuant to Rule 64 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which makes available the remedies provided by State law,[1] to secure satisfaction of any judgment ultimately entered. The same day, the writs were served by the marshal upon the Hearst Publishing Company, Inc., and the Hearst Corporation, attaching certain credits due defendant which were allegedly in their possession. The summons was returned by the marshal on the 20th of November with his certification that he had been unable to find the defendant in this district. On November 24, the Hearst Publishing Co., and the Hearst Corporation moved to quash the writs of attachment upon the ground that this Court was without jurisdiction to issue them.

Since the record shows that the court has jurisdiction of the cause, diversity of citizenship and the requisite amount in controversy being alleged, it would appear that there should be no doubt as to the power of the court to issue an auxiliary writ, such as attachment.

But it is the movants' contention that, regardless of State practice, a writ of attachment cannot issue from a federal court until in personam jurisdiction of the defendant is first obtained. In support of this contention, movants rely upon a line of federal decisions beginning with Toland v. Sprague, U.S.1838, 12 Pet. 300, 9 L.Ed. 1093.[2] In Toland v. Sprague, the majority of the Supreme Court stated in a considered dictum that the right to attach property to compel the appearance of persons in a federal court exists only in cases in which such persons are amenable to the process of the court in personam, and that even in such cases an attachment cannot issue except as part of, or together with, process to be served in personam. In subsequent decisions, of which Big Vein Coal Co. v. Read, 1913, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1053, is the most fully considered, the Supreme Court squarely held that a federal court could not acquire jurisdiction to proceed to judgment by attachment, and that attachment, being but an incident of suit, could not be had unless the defendant could be sued and jurisdiction acquired over him personally.

1. Sections 537–539 of the California Code of Civil Procedure are the pertinent provisions of California law.

2. Cases following Toland v. Sprague are: Ex parte Railway Co., 1880, 103 U.S. 794, 26 L.Ed. 461; Chaffee v. Hayward, 1857, 20 How. 208, 61 U.S. 208, 15 L.Ed. 804, 851; Laborde v. Ubarri, 1909, 214 U.S. 173, 29 S.Ct. 552, 53 L.Ed. 955; Big Vein Coal Co. v. Read, 1913, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1053; Harland v. United Lines Tel. Co., C.C.D.Conn.1889, 40 F. 308, 6 L.R.A. 252; United States v. Brooke, D.C.S.D.N.Y.1910, 184 F. 341;

Smith v. Reed, D.C.N.D.Ohio 1912, 210 F. 968; Davis v. Ensign-Bickford Co., 8 Cir., 1944, 139 F.2d 624; Stockard Steamship Corp. v. Industrias Reunidas F. Matarazzo, S.A., 7 Federal Rules Service 909, (S.D.N.Y.1944); McDowell v. Davies, D.C.E.D.Wash.1951, 96 F.Supp. 301; Rosenthal v. Frankfort Distillers Corp., 5 Cir., 1951, 193 F.2d 137. Cf. Rorick v. Devon Syndicate, Limited, 1939, 307 U.S. 299, 59 S.Ct. 877, 83 L.Ed. 1303. See Comments in 3 Moore's Federal Practice §§ 64.01 and 64.02; 3 Southern California Law Review 361 (1940); 34 Cornell Law Quarterly 103 (1948).

But, in all of these cases the question before the court was whether a federal court could acquire jurisdiction to proceed to judgment solely by attachment, when it appeared that the defendant could not be personally served. Despite the broad language in some of these decisions, the holding in all of them was no broader that that attachment could not be utilized in a federal court to acquire *quasi* in rem jurisdiction over a defendant who could not be personally served. None of these cases concerned the present question whether an attachment may issue from a federal court solely for security purposes along with the summons, before the court has acquired personal jurisdiction over the defendant.

■ The use of attachment to secure *quasi* in rem jurisdiction over a defendant who could not be personally served was disapproved because the federal statutes governing venue and service of process were indicative of Congressional intent that judgment should not be rendered against a person's property in a district in which he could not be found. The attachment of property merely for security after suit is commenced but prior to the time personal service is secured upon a defendant in no way contravenes such Congressional intent. So long as the court has jurisdiction of the cause and it appears that jurisdiction in personam may be secured in due course there is no reason why a plaintiff should not have the benefit of a writ of attachment to secure the prospective judgment prior to the time that the defendant is personally served.

■ This distinction between the use of attachment to acquire jurisdiction and the use of attachment to secure judgment, when it appears that jurisdiction in personam may be obtained, was recognized by the Court of Appeals for the Sixth Circuit in Jacobson v. Coon, 1948, 164 F.2d 565. There it approved by way of dictum the issuance of a writ of attachment pursuant to state law prior to the time that the court acquired jurisdiction in personam. In that case the defendants were residents of the district in which suit was brought. But, the court did not indicate that the defendants' residence within the district was essential to the validity of the attachment. There is no doubt that, if venue is proper, an attachment may issue *after* a defendant is personally served whether or not he is a resident defendant. If venue is proper the fact that the defendant is a resident or nonresident of the district should be relevant to the propriety of a writ of attachment issued *prior* to personal service only to the extent that this fact enhances or decreases the likelihood that the defendant may be served in due course.

The present cause is within this court's jurisdiction and venue is properly laid here in the district of plaintiff's residence. By affidavit plaintiff attests to the fact that defendant has many business and social interests in California and customarily spends a substantial portion of his time in this State. The motion to quash the writs of attachment was filed only six days after the writs were served. Although by that time the summons had been returned by the marshal with his certification that he had not found defendant within this district, the summons was outstanding only two days. An alias summons has been issued and is outstanding. The motion to quash is not made by the defendant but by the garnishees who do not controvert plaintiff's affidavit. Thus so far as appears at this time, in all likelihood defendant can and will be personally served with process issuing from this court.

In the present state of the record, the motion to quash is without merit and is denied.