Jack SCHAEFER, Plaintiff,

v.

Emil HESSINGER, Defendant.

Civ. 4724.

United States District Court, D. Connecticut.

Mar. 25, 1954.

Theodore L. Koskoff, Bridgeport, Conn., for plaintiff.

Hugh A. Hoyt, Bridgeport, Conn., Reilly & Reilly, New Haven, Conn., for defendant.

SMITH, Chief Judge.

Defendant is a resident of Poughkeepsie, New York and was not served with process within the state or district of Connecticut. The action is one by a Connecticut citizen and resident to recover for personal injuries incurred February 1, 1953 in a fall on real estate of the defendant located in Stratford, Connecticut, allegedly caused by negligent maintenance of the premises by the defendant. It was commenced in this court by the filing of the complaint on January 7, 1954. When personal service on the defendant in Connecticut proved impossible, plaintiff attached defendant's property in Stratford, and notice of the action, pursuant to an order of this court dated January 18, 1954, was given by mailing to defendant at his Poughkeepsie address by registered mail true and attested copies of the writ, summons, complaint, certificate of attachment and attachment. Defendant entered an appearance by counsel on February 10, 1954, and on February 24, 1954, answered the complaint denying the allegations of negligence and setting up as a special defense the lack of jurisdiction. The question of the validity of this defense was raised by plaintiff's present motion for preliminary hearing.

As a general proposition, the federal courts, unlike the state courts, do not have original quasi-in-rem jurisdiction although they do have jurisdiction in actions founded on such jurisdiction in state courts and removed to federal courts. A requirement that regardless of state law and in the absence of some special federal statute, personal service on the defendant be obtained in actions commenced in the federal courts existed before adoption of the Federal Rules of Civil Procedure and has not been changed by the rules. Rules 64, 82, Fed.Rules Civ.Proc. 28 U.S.C.A.; Big Vein Coal Co. of W. Va. v. Read, 1913, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1053; Harland v. United Lines Tel. Co., C.C. Conn.1889, 40 F. 308, 6 L.R.A. 252; Davis v. Ensign-Bickford Co., 8 Cir., 1944, 139 F.2d 624; McDowell v. Davies, D.C. E.D.Wash.1951, 96 F.Supp. 301; 3 Moore's Federal Practice (1st Ed.1938), Sec. 64.02, p. 3311. Since plaintiff here has commenced his action in the federal court without personal service on the non-resident defendant, this court lacks jurisdiction of the person of the defendant in the matter.

Moreover, plaintiff's contention that defendant's appearance in the case constitutes a waiver of his jurisdictional objections founded on lack of personal service is not well taken. The defendant here may, without a special appearance, join a plea of lack of jurisdiction in his answer with defenses to the merits without waiving the jurisdictional defense. Rule 12(b), F.R.C.P.; Davis v. Ensign-Bickford Co., supra; Moore's Federal Practice (2nd Ed., 1948) Vol. 2, p. 2262.

Defendant's third defense is sustained, and the action is hereby ordered dismissed.