**354**

INTERSTATE CIGAR COMPANY, Inc.,
and Seckler Bros., Inc., Plaintiffs,

v.

CORRAL WODISKA y CA, Defendant.

No. 62-C-355.

United States District Court
E. D. New York.
May 7, 1962.

---

Garvar & Hauser, Brooklyn, N. Y., for plaintiffs; Noel W. Hauser, Brooklyn, N. Y., of counsel.

Sullivan & Cromwell, New York City, for defendant; David W. Peck, Edward W. Keane, New York City, of counsel.

BRUCHHAUSEN, Chief Judge.

The plaintiff, a New York corporation, conducting business from Nassau County, brought this civil anti-trust action against the defendant, a foreign corporation. A warrant of attachment was issued April 4, 1962 and served on three of the defendant's distributors in New York. Subsequently, the defendant was served with a summons and complaint in Florida by the United States Marshal of that district.

The defendant now moves to vacate the attachment and dismiss the complaint on the ground that the court lacks and cannot acquire personal jurisdiction over the defendant.

Section 12 of the Clayton Act, 15 U.S. C.A. § 22, provides as follows:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

██ The test of whether or not a corporation is transacting business in a district is the practical, everyday business or commercial concept of doing business of any substantial character. United States v. Scophony Corp., 333 U.S. 795, 807, 68 S.Ct. 855, 92 L.Ed. 1091. The affidavits submitted indicate that three of the defendant's exclusive distributors, served with the writ of attachment aggregate accounts payable to the defendant totaling $70,000. The moving affidavit of Edward W. Keane, Esq., further indicates that there are other distributors of the defendant in the New York area. It would appear, therefore, that the defendant's activities comes within the above mentioned test of what is transacting business. It therefore follows that in personam jurisdiction can be obtained over the defendant in this district by proper service pursuant to 15 U.S.C.A. § 22.

The defendant attacks the warrant of attachment upon another ground. It contends that the writ of attachment is invalid in that no personal jurisdiction of the defendant was obtained prior to the issuance of the warrant, and that such jurisdictional defect is not subject to correction. The plaintiffs urge that although the writ was premature, the subsequent personal service of the summons cured the defect.

In Schaefer v. Hessinger, D.C., 16 F.R.D. 586, the Court at page 587 held in part:

"As a general proposition, the federal courts, unlike the state courts, do not have original quasi-in-rem jurisdiction although they do have jurisdiction in actions founded on such jurisdiction in state courts and removed to federal courts. A requirement that regardless of state law and in the absence of some special federal statute, personal service on the defendant be obtained in actions commenced in the federal courts existed before adoption of the Federal Rules of Civil Procedure and has not been changed by the rules. Rules 64, 82, Fed.Rules Civ.Proc. 28 U.S.C.A.; Big Vein Coal Co. of W. Va. v. Read, 1913, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1053; Harland v. United Lines Tel. Co., C.C.Conn. 1889, 40 F. 308, 6 L.R.A. 252; Davis v. Ensign-Bickford Co., 8 Cir., 1944, 139 F.2d 624; McDowell v. Davies, D.C.E.D.Wash.1951, 96 F.Supp. 301; 3 Moore's Federal Practice (1st Ed. 1938), Sec. 64.02, p. 3311."

Professor Moore (2nd Ed. 1955) in discussing Rule 64, states in Volume 7 at page 1534:

"The federal courts in general have no original quasi in rem jurisdiction, though they have a quasi in rem jurisdiction in actions founded on such jurisdiction in state courts and removed to the federal courts. In other than in rem actions, such as those within former 28 USC § 118, present § 1655, the federal courts have required that personal jurisdiction of the defendant be obtained, in the absence of some special federal statute. (See cases cited under footnote 7)

"The Federal Rules did not change this. As we have pointed out they made no provision for service of process in a quasi in rem action; and it was proper for the courts to hold, as they did, that the aforementioned law continued, and that state law for seizure of property cannot be employed to obtain jurisdiction over a defendant in an action commenced in the district court." (See cases cited under footnote 8)

██ Federal courts have no jurisdiction to issue a writ of attachment against the property of a nonresident unless the court obtains jurisdiction over the person of the nonresident by proper service of summons. Big Vein Coal Co. of W. Va. v. Read, supra; Rorick v. Devon Syndi-

cate, Ltd., (1939) 307 U.S. 299, 311, 59 S.Ct. 877, 83 L.Ed. 1303.

Professor Moore (2nd Ed. 1955), in Volume 7 at page 1537 states:

"Hence in relation to an original action the provisional remedies made available by Rule 64 are an incident to an in personam action and cannot be utilized to obtain quasi in rem jurisdiction over a defendant." (See cases under footnote 12)

 The writ of attachment, issued and served prior to this court acquiring personal jurisdiction, should be vacated and set aside.

Settle order on notice.